## STATE EX REL. HOWARD H. BECK v. AL. P. ERICKSON.[1]

October 12, 1928.

No. 27,124.

**Election.**

Candidate for legislature was nonresident of the legislative district and therefore ineligible; Const. art. 4, § 25. [Reporter]

Order to show cause issued by this court upon the petition of Howard H. Beck requiring respondent as county auditor of Hennepin county to refrain from placing the name of John M. Nelson upon the official ballot as a candidate for the office of representative from the thirty-first legislative district at the November, 1928, general election. A referee was appointed to take and report the evidence. From the evidence reported this court finds that John M. Nelson is not a resident of the thirty-first legislative district,

[1]Reported in 221 N. W. 245.

that he is not eligible to be elected as a representative from that district, and respondent will omit his name from the official ballot.

*Donald G. Hughes,* for petitioner.

*A. O. Devold,* for John M. Nelson.

PER CURIAM.

Upon the petition of Howard H. Beck setting forth, among other things: That a certificate of nomination as a candidate for the office of representative from the thirty-first representative district at the general election to be held in November, 1928, had been issued to one John M. Nelson by the canvassing board of the county of Hennepin; that the county auditor of that county was about to place this name upon the official ballot as a candidate for such office at that election; and further setting forth that John M. Nelson was not a resident of the thirty-first legislative district and for more than six months last past had not been a resident thereof, this court issued an order requiring the county auditor to desist and refrain from placing the name of John M. Nelson upon the official ballot as a candidate for the office of representative from the thirty-first legislative district at the next general election or show cause why he should not be ordered to refrain from so doing. The order to show cause and the moving papers were served upon the county auditor and also upon Mr. Nelson. The county auditor did not appear nor make any return to the order to show cause, but Mr. Nelson appeared and filed affidavits asserting that he was a resident of the thirty-first legislative district.

Thereupon a referee was appointed to take and report the evidence. From the evidence taken and reported by the referee, the court finds that John M. Nelson is not a resident of the thirty-first legislative district and for more than one year last past has not been a resident thereof.

The constitution provides:

"Senators and representatives shall be qualified voters of the state, and shall have resided one year in the state and six months immediately preceding the election in the district from which they are elected." Art. 4, § 25.

As Mr. Nelson is not a resident of the thirty-first legislative district, he is not eligible to be elected as a representative from that district, and the county auditor will omit his name from the official ballot.