## T. C. NELSON v. O'NEIL AMUSEMENTS AND ANOTHER.

142 N. W. (2d) 647.

May 13, 1966—No. 39,940.

*Stewart R. Perry,* for relator.
*Eugene W. Hoppe,* for respondents.

PER CURIAM.

The sole issue raised upon this appeal by the employee from a decision of the Industrial Commission is whether a finding that he was employed at a weekly wage of $50 is supported by competent evidence.

The employee was hired as an unskilled carnival laborer assigned to work on a merry-go-round. During the first week of his employment with respondent-employer, he suffered crippling burns resulting in permanent total disability. Prior thereto, he was paid a total of $9 by way of an advance of $3 per day for meals. He testified that when he was hired by one identified only as "Slim," he was "supposed to get a dollar and a half an hour * * * [and] room and board." Although the evidence is wholly unsatisfactory, he claims it establishes that he worked no less than a 12-hour day and that his earnings for a 7-day week amounted to $126. Respondent Mrs. O'Neil, his acknowledged employer who neither knew nor hired him, testified without objection that employees assigned to the merry-go-round "were paid the same as the rest of the show. That was $35.00 a week, and if they stay a full season, they get a $15.00 bonus." She further testified that she knew this arrangement existed because she was told so by the bookkeeper of the one in charge of the carnival, who presumably acted as her agent in hiring the employee. She said this rate was for a 7-day week and that no carnival employees were ever hired on an hourly basis. Except for his positive recollection of the promised hourly wage, the employee's testimony as to the duration of his employment with this employer, the work he performed, the hours and the places he worked, and the person who hired him and made the promises claimed is vague, indefinite, confusing, and often unintelligible.

Both the referee and the commission found the wage to be $50 a week rather than $126 as alleged. The commission, recognizing the referee's

superior opportunity to determine credibility and resolve the conflict in the testimony, observed:

"* * * We cannot say that the evidence would support a contrary conclusion. The employee has the burden of proving that his wage was in excess of $50 a week—or the $136 [sic] he alleged it was.

"We can take judicial notice that few, if any, carnival workers of ordinary ability earn that much. The evidence to the contrary is persuasive."

It is universally held that hearsay evidence received without objection is competent and becomes part of the evidence, usable as proof to the extent of whatever rational persuasive force it may have.[1] Moreover, the record clearly reveals that the commission upheld the referee's finding independently of its observation with respect to the likely earnings of carnival workers. While the amount of such earnings may not be of sufficient notoriety to warrant judicial notice, the observation is wholly consistent with what the record reveals as to the earning capacity of this employee in the light of his background, experience, and mental capacity. The finding is clearly supported by competent evidence and must be affirmed.

Affirmed.

---

[1] 7 Dunnell, Dig. (3 ed.) § 3227(a); McCormick, Evidence, § 54.