Richard A. BEENS et al., Plaintiffs,

v.

Arlen ERDAHL, Secretary of State of the State of Minnesota, et al., Defendants,

The Sixty-seventh Minnesota State Senate, Intervenor,

Rollin H. Crawford et al., Intervenors,

Democratic Farmer Labor Party of Minnesota et al., Amicus Curiae,

Americans for Democratic Action, Minnesota Chapter, Amicus Curiae,

Rudy Perpich and Jack Fena, Amicus Curiae,

Minnesota Farmers' Union et al., Amicus Curiae,

Minnesota Farm Bureau Federation, Amicus Curiae.

No. 4–71–Civil 151.

United States District Court, D. Minnesota, Fourth Division.

June 2, 1972.

Alan W. Weinblatt, Berde, Leonard & Weinblatt, St. Paul, Minn., for Richard A. Beens, and others.

John M. Mason, Sol. Gen., St. Paul, Minn., for Arlen Erdahl.

Robert O. O'Neill, Scott County Atty., Shakopee, Minn., for Joseph W. Noterman, Scott County Auditor.

William Young, Asst. Hennepin County Atty., Minneapolis, Minn., for George B. Hickey, Hennepin County Auditor.

W. R. Glaeser, Carver County Atty., Chaska, Minn., for William J. Schneider, Carver County Auditor.

Robert M. A. Johnson, Jr., Asst. Anoka County Atty., Anoka, Minn., for Charles LeFebvre, Anoka County Auditor.

Frank Hammond, Richard H. Kyle, Jr., Briggs & Morgan, St. Paul, Minn., for intervenors, Crawford, King and Voss.

H. Blair Klein, Bruce D. Campbell, St. Paul, Minn., for intervenor Sixty-seventh Minnesota State Senate.

James T. Hale and Gregory R. Howard, Faegre & Benson, Minneapolis, Minn., for Democratic Farmer Labor Party of Minnesota and others, amicus curiae.

A. M. Keith, Rochester, Minn., for Americans for Democratic Action, Minnesota Chapter, amicus curiae.

Jack Fena, in pro. per. and for Rudy Perpich, Hibbing, and Earl B. Gustafson, Harper, Eaton, Gustafson & Wilson, Duluth, Minn., for Rudy Perpich and Jack Fena, amicus curiae.

Joseph P. Summers, Rosen, Ravich & Summers, St. Paul, Minn., for Minnesota Farmers' Union and others, amicus curiae.

Joseph A. Maun, Lawrence J. Hayes and Garrett E. Mulrooney, Maun, Hazel, Green, Hayes, Simons & Aretz, St. Paul, Minn., for Minnesota Farm Bureau Federation, amicus curiae.

Before HEANEY, Circuit Judge, DEVITT, Chief Judge, and LARSON, District Judge.

ORDER AND PLAN OF APPORTIONMENT ON REMAND FROM THE UNITED STATES SUPREME COURT

PER CURIAM.

THE COURT'S REAPPORTIONMENT PLAN

Pursuant to a remand from the United States Supreme Court, we have reapportioned the State of Minnesota into sixty-seven (67) Senate districts and one hundred and thirty-four (134) House districts with one (1) senator and one (1) representative to be elected from each district. We have followed the criteria set forth in our Orders of November 26, 1971, and January 25, 1972, 336 F.Supp. 715, in performing this task.

The controlling description of each Senate and House district is set forth in a printout in Appendix A.* Appendices B, C and D are maps which outline the Senate and House districts. Appendix E,* a legal description of each district, will be filed as a supplement to this order on or before June 6, 1972. If there are any variances between the descriptions in Appendix A and other sections or appendices of this opinion, Appendix A shall control.

THE SENATE DISTRICTS

■ Thirty-four (34) Senate districts are essentially outstate in character.

Twenty-nine (29) Senate districts are wholly metropolitan in character. Eight (8) of these districts are in Minneapolis. Six (6) are largely in St. Paul, and fifteen (15) are in suburban Anoka, Hennepin, Ramsey and Washington Counties.

Four (4) Senate districts combine outstate and metropolitan areas.

All Senate districts meet the established population criterion. The largest Senate district deviates from the ideal district of 56,807 persons by 1.88%; the smallest district deviates from the ideal by 1.83%. The ratio between the largest and the smallest Senate district is 1.038 to 1.

Twenty-one (21) Senate districts deviate by less than one-half of one percent from the ideal district, and forty (40) Senate districts deviate from the ideal district by less than one percent.

In forming Senate districts, we have adhered to political subdivision lines wherever possible, but have found that it was more difficult to avoid doing so than when we apportioned the state into a smaller number of districts. We have found it impossible to follow precinct lines in many instances.

Minneapolis and St. Paul are generally divided along recognized neighborhood lines. While it was not possible to

* EDITORIAL NOTE: Appendices A and E omitted for purposes of publication.

follow these lines exactly, we have attempted to join together identifiable neighborhoods with traditional ties.

We have tried to instill a degree of permanency in our plan by including, wherever possible, one or more population centers in each of the Senate districts.

The requirement of contiguity has produced a few obvious, although minor, distortions from compactness. Generally, these distortions reflect irregular boundaries of counties, townships or other political subdivisions. It was not possible, in most instances, to cross these irregular boundaries because of the unavailability of necessary census data.

We recognize that Senate Districts 1, 2, 3, 4, 5, 6, 13 and 14 are large geographically; but since the population in these districts is sparse in comparison to other districts, no other alternative delineation was available if the two percent (2%) deviation limit was to be observed.

### THE HOUSE DISTRICTS

■ Sixty-nine (69) House districts are essentially outstate in character.

Sixty-one (61) House districts are essentially metropolitan in character. Sixteen (16) of these districts are in Minneapolis, and twelve (12) of them are largely in St. Paul.

Four (4) House districts combine outstate and metropolitan areas.

All House districts meet the population criterion we established. The largest House district deviates from the ideal district of 28,404 by 1.99%. The smallest House district deviates from the ideal by 1.97%. The ratio between the largest and smallest House district is 1.040 to 1.

Twenty-seven (27) House districts deviate by less than one-half of one percent from the ideal, and fifty-nine (59) House districts deviate less than one percent from the ideal.

Some of the House districts are not as compact as they might have been had we ignored the requirement of keeping political subdivisions intact, where feasible. In other instances, the existing boundaries of the townships or other political subdivisions give the districts an irregular appearance.

Our studies revealed significant minority populations in the Powderhorn section of Minneapolis and the University-Selby section of St. Paul. In an effort to increase the probability that the minorities living in these areas will be represented in at least one house of the Legislature, we have formed House districts which include the bulk of those minority populations. We would have included the near northside Minneapolis minority population in the Powderhorn district if this arrangement had not too seriously compromised the criterion of compactness.

### CONCLUSION

In conclusion, we adopt the plan set forth in Appendix A, infra,* as a valid and constitutional apportionment plan for the Minnesota Legislature.

We continue to enjoin the defendants herein, including Arlen Erdahl, Secretary of State of the State of Minnesota, and all County Auditors of the State of Minnesota, from holding or conducting any future elections for the Minnesota Legislature under any apportionment plan except that which we adopted today or a constitutional plan adopted after this date by the State of Minnesota.

We order the 1972 Legislative elections under the new apportionment plan to include contests for all positions—both House and Senate—in the Minnesota Legislature. *See,* Minnesota Constitution, Article IV, Section 24.

■ Pursuant to the holding of the United States Supreme Court in Sixty-Seventh Minnesota State Senate v. Beens, 406 U.S. 187, 92 S.Ct. 1477, 32 L.Ed.2d 1 (1972), the time limitations

---

* EDITORIAL NOTE: Appendix A omitted for purposes of publication.

imposed by state law, as embodied in the provisions of Minn.Const., art. IV, § 25, and in Minn.Stat. § 203.06, subd. 1 (1969), are hereby extended to permit:

(a) A legislative candidate to establish residence in the district in which he or she intends to run in the 1972 legislative elections by June 26, 1972;

(b) Changes in the boundaries of election precinct by resolutions adopted at least sixty (60) days before the next ensuing election.

We express our appreciation to the parties, intervenors, and amici curiae in this action, to the Board of Regents of the University of Minnesota, to the staff of the Minnesota Analysis and Planning System of the University of Minnesota, to the Secretary of State and the Attorney General of the State of Minnesota, and to Masters Adam C. Breckenridge, Joseph T. Dixon, Jr., and John S. Hoyt, Jr., for the assistance and cooperation they gave to the Court in this matter.

Costs in the sum of $13,039.22 for Masters' fees and expenses are taxed against the defendant, Arlen Erdahl, Secretary of State.

Revised
June 28, 1972
Secretary of State

Twin Cities Metropolitan Area

REDISTRICTING PLAN FOR MINNESOTA BY THE
UNITED STATES DISTRICT COURT FOR THE DIS
TRICT OF MINNESOTA 4 71 CIV 151
JUNE 2 1972

APPENDIX C

Revised
June 28, 1972
Secretary of State

REDISTRICTING PLAN FOR MINNESOTA BY THE
UNITED STATES DISTRICT COURT FOR THE DIS
TRICT OF MINNESOTA 4 71 CIV 151

JUNE 2 1972 **APPENDIX D**

**Twin Cities Metropolitan Area, Central Portion**

Revised
June 28, 1972
Secretary of State

Senate Districts
House Districts

Political Boundary as Tract Boundary
Railroad as Tract Boundary
Other Tract Boundary
Other Political Boundary