DAVID PARSONS v. GEORGE HICKEY AND ANOTHER.

201 N. W. 2d 150.

September 15, 1972—No. 43892.

· *Lyle R. Frevert,* for petitioner.
*Michael J. Bolen, Popham, Haik, Schnobrich, Kaufman & Doty,* and
*Bruce D. Willis,* for respondent candidate.

Per Curiam.

This matter came to this court on a petition and affidavit of David Parsons made pursuant to Minn. St. 203.38, subd. 1, which provides:

"When it shall appear by affidavit to any judge of the supreme court in the case of a state election, or of the district court of the proper county in the case of a county election:

"(a) That an error or omission in the placing or printing of the name or description of any candidate on official primary or general election ballots has occurred or is about to occur; * * *

\* \* \* \* \*

then the judge immediately shall order the officer, person, or board charged with the error, wrong, neglect, or failure to correct the same or perform the duty forthwith or show why he should not do so. Failure to obey the order is contempt of court."

The affidavit in substance states that John Wingard filed as a candidate for the office of state representative in Legislative District 42A and that he is not qualified to seek said office due to the fact that he allegedly has not lived within said legislative district for 6 months immediately preceding the general election as required by Minn. Const. art. 4, § 25, and further that he has lived outside said legislative district on June 26, 1972, and since.

Parsons petitioned this court for an order that George Hickey, auditor of Hennepin County, refrain and desist from placing the name of John Wingard upon the primary ballot for Legislative District 42A or show cause before this court on August 24, 1972, why he should not do so. The order, as petitioned for, was granted and the matter was heard by this court on the day specified. Respondent George Hickey appeared in person and by counsel. His affidavit filed with the court pointed out that Legislative District 42A is only partially in Hennepin County and that he had no interest in the matter other than performing the duties required of him by law.

Through inadvertence, the auditor of Wright County was not named and served as a respondent although Legislative District 42A is partially in that county.

This case is very similar to Moe v. Alsop, 288 Minn. 323, 180 N. W. 2d 255 (1970). In fact, in Moe this court held the hearing on the order to show cause on the same day, August 24, although in a different year. However, the primary election date at the time of Moe was on September 15, whereas in the instant case it is to be held on September 12. In Moe, the court was able to secure a referee, who in turn was able to conduct a hearing convening on August 26 for the purpose of determining the facts by taking testimony and receiving any relevant evidence. In the present case, August 26 falls on a Saturday, and the earliest possible date on which a similar hearing could be held would be on August 28. However, due to the fact that the auditor of Wright County was not named and served as a respondent, it is unlikely that a hearing by the referee could be convened until sometime after Monday, August 28.

We were advised in open court by the Hennepin County auditor that voters would be coming into his office on Monday, August 28, to pick up absentee ballots. He also pointed out that normally his office would start mailing absentee ballots to members of the armed forces on Monday, August 28, and that his experience has been that in spite of such early mailings, some of the ballots were not returned in time to be counted due to delays in the mail, particularly where they came from remote areas of the world.

In this case, as in Moe, after a hearing by the referee and his making findings of fact in the matter, a complete transcript of the hearing before the referee would have to be delivered to this court. After this court receives the findings and transcript, it must hold a conference and determine either to make its original order absolute or to quash the same.

It might be chaotic to make our original order absolute without this

court having jurisdiction over the auditor of Wright County. Thus, to have any meaningful decision from this court, some procedural steps to secure that jurisdiction would be necessary prior to any hearing before the referee. This court in Moe pointed out that an application for an order preventing the placement of a candidate's name upon an election ballot must be timely made and clearly established, and that an applicant must proceed promptly in view of the inherent limitations upon adequate judicial consideration. The court further pointed out (288 Minn. 331, 180 N. W. 2d 260):

"* * * An affirmative order of this court must ordinarily be made not later than 2 weeks before the primary election so that the auditor may discharge his duty of printing and posting sample ballots during that time."

Although the petition in the instant case prayed that the hearing on the order to show cause be held August 24, this court could have sua sponte set an earlier date for such a hearing. However, the court was not aware that Legislative District 42A extended into Wright County and that the auditor of Wright County should have been named as a respondent, nor was it informed that there would be less time in the instant case than in Moe because the primary date would occur 3 days earlier. Furthermore, in the instant case we have been advised that voters seeking absentee ballots would be inconvenienced and members of the armed forces voting by absentee ballot from distant places might in some instances be disenfranchised because of delays in mailing.

It was the consensus of this court that the original order be quashed because it is unlikely that a determination on the merits could be made in sufficient time to permit the two county auditors to discharge their duties of printing ballots and posting and publishing a sample ballot. For these reasons and because of the problems with absentee ballots, this court issued an order quashing the order to the auditor of Hennepin County to refrain and desist from placing the name of John Wingard upon the primary ballot or to show cause. In that order, we stated that this formal opinion would follow.

We have made no determination in this case on the merits, and this decision is without prejudice to the commencement of an appropriate and timely action to keep respondent John Wingard's name from appearing on the ballot in the general election in the event that he is nominated in the primary.

The order that George Hickey, as auditor of Hennepin County, Minnesota, refrain and desist from placing the name of John Wingard upon

the primary ballot for Legislative District 42A or show cause before this court on August 24, 1972, why he should not do so is quashed without prejudice.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.