## WILLIAM DAVID PARSONS v. GEORGE HICKEY AND OTHERS.

201 N. W. 2d 739.

October 6, 1972—No. 43950.

*Robert E. Kircher, Leonard, Street & Deinard, Morris Sherman,* and *George Reilly,* for petitioner.

---

*Michael J. Bolen, Schieffer, Hadley, Bakke & Jensen, Richard J. Schieffer, Popham, Haik, Schnobrich, Kaufman & Doty,* and *Bruce D. Willis,* for respondent Wingard.

*David E. Culvert,* Assistant County Attorney, for respondent Hickey.

*David Douglas,* pro se.

*Byron E. Starns,* Special Assistant Attorney General, for respondent Arlen Erdahl, Secretary of State.

PER CURIAM.

This is an original proceeding brought under Minn. St. 203.38, subd. 1, to challenge the right of respondent John Wingard to have his name appear on the ballot as a candidate for the House of Representatives from Legislative District 42A in the November 1972 general election, on the grounds that he does not reside in the district in which he seeks to be elected.

In a similar proceeding under § 203.38, subd. 1, prior to the primary election, we issued our order to show cause why the name of respondent should not be omitted from the ballot at the primary election. The case reached us so late that we determined there was not time in which to have a referee appointed and determine the fact issues that were involved. As a result, our order to show cause was quashed. In the opinion that followed the quashing order we said:

"We have made no determination in this case on the merits, and this decision is without prejudice to the commencement of an appropriate and timely action to keep respondent John Wingard's name from appearing on the ballot in the general election in the event that he is nominated in the primary." Parsons v. Hickey, 294 Minn. 537, 539, 201 N. W. 2d 150, 152 (1972).

Respondent was one of the successful candidates in the primary. Thereafter another proceeding was commenced under § 203.38, subd. 1, to keep the name of John Wingard off the ballot in the November 1972 general election. In that proceeding we issued our order to show cause on September 21, 1972. Unfortunately, the secretary of state was not named as a party in that order. Since he was an indispensable party to the proceeding, an order to show cause was again served in which the secretary of state was named. Prior to the return date of that order to show cause the canvassing board met and issued to John Wingard a certificate of nomination. There being a question of fact involved as to whether respondent did live in Legislative District 42A, we appointed a referee to take and report the evidence. The matter came before

us on October 4, 1972, on the findings of the referee and the transcript of the evidence. Special appearances were noted by respondent Wingard objecting to the jurisdiction of the court on various grounds, but in view of our decision on the merits none of these need be decided except as hereinafter stated.

Minn. Const. art. 4, § 25, which establishes residence requirements for candidates for election to our legislature provides:

"Senators and representatives shall be qualified voters of the State, and shall have resided one year in the State and *six months immediately preceding the election in the district from which they are elected.*" (Italics supplied.)

The only question reaching the merits is whether respondent Wingard has resided in Legislative District 42A so as to meet this constitutional requirement.

Due to the failure of the legislature to redistrict the state as required, the matter was taken to the Federal District Court. Originally, the Federal court redistricted the state and substantially reduced the number of legislators. Beens v. Erdahl, 336 F. Supp. 715 (D. Minn. 1972). That decision was set aside by the Supreme Court of the United States. Sixty-seventh Minnesota State Senate v. Beens, 406 U. S. 187, 92 S. Ct. 1477, 32 L. ed. 2d 1 (1972). On remand, the Federal court proceeded to redistrict the state based on substantially the same number of legislators as had theretofore existed. Beens v. Erdahl, 349 F. Supp. 97 (D. Minn. 1972). The resulting delay and the consequent uncertainty as to where the boundaries of the districts would be caused a great deal of chaos in determining whether incumbents who had formerly served an area in the state could still qualify under our constitutional requirement of 6 months residence therein. The Federal court gave the prospective candidates until June 26, 1972, to establish a residence in the district in which they desired to run for election. Mr. Wingard found himself in a dilemma in that the boundary of the district which included most of the people he had formerly represented no longer included his home. He undertook to establish a residence in the reconstituted district, and the question here is whether he was successful in doing so.

At the outset, there is one jurisdictional issue of which disposition should be made. Section 203.38, subd. 1, does have a blind spot in it. It provides that in a county election a proceeding such as this shall be commenced in the district court and in the case of a state election it shall be brought in the supreme court. No provision is made for such a proceeding involving a district election in which more than one county but less than the whole state is involved. It is obvious that this

must be a legislative oversight as it could not have been the intention of the legislature to leave candidates in such districts without any remedy. We have accepted original jurisdiction in such cases in the past without any question being raised. See, e. g., State ex rel. McGrath v. Erickson, 203 Minn. 390, 281 N. W. 366 (1938); Moe v. Alsop, 288 Minn. 323, 180 N. W. 2d 255 (1970). The same is true with respect to the office of judge of the district court, even though the boundaries of the district are coterminous with those of the county. See, In re Candidacy of Daly, 294 Minn. 351, 200 N. W. 2d 913 (1972). We now hold that in proceedings brought under § 203.38, subd. 1, involving districts extending into more than one county but less than the whole state and in all proceedings involving the district court, whether the boundaries of the district are coterminous with the county or not, the proceeding is properly brought in this court.

Respondent relies on State ex rel. McGrath v. Erickson, *supra,* where we held that after a certificate of nomination has been issued to a candidate for a legislative office we would decline to take jurisdiction in a proceeding brought to keep his name off the ballot at the general election. We think the McGrath case is distinguishable from the case now before us in that here a proceeding was brought prior to the issuance of the certificate of nomination. Even though this proceeding was defective in that the secretary of state was omitted and service had to be made over again, the fact remains that the proceeding had been commenced and the certificate had not issued at that time. For the guidance of those involved in the future, it should be stated that once a proceeding of this kind is commenced a certificate of nomination should not issue until the proceeding is completed.

Our referee found, inter alia, that in view of the confusion caused by the delay in redistricting by the Federal court, respondent John Wingard has done everything he could reasonably do under existing circumstances to establish residence in Legislative District 42A before June 26, 1972, and that he did, in fact, establish such residence.

In Moe v. Alsop, *supra,* we said (288 Minn. 330, 180 N. W. 2d 260):

"An application for an order preventing the placement of a candidate's name upon an election ballot for any office must be timely made and clearly established. The burden upon the applicant to establish ineligibility must be a heavy one in view of the drastic nature of an affirmative order, both to the candidate and to the electorate. An applicant for the order must proceed promptly in view of the inherent limitations upon adequate judicial consideration. * * * The intervening

time is short in which to hear and determine contested issues of fact and to have appropriate briefs submitted to the court."

We are convinced that petitioner in this case has failed to satisfactorily sustain his burden of overcoming the findings of fact made by the referee that respondent Wingard did all that was reasonably possible to establish a residence in Legislative District 42A and that he did, in fact, establish such a residence. Therefore, in view of all of the facts and circumstances we have no choice but to accept and adopt the findings of the referee.

It is ordered that the order to show cause heretofore issued be quashed.