Russ LUNDQUIST, Petitioner,

v.

Carol LEONARD, as County Auditor of Dakota County, Minnesota, Respondent,

Mary Kiffmeyer, Minnesota Secretary of State, Respondent,

Margaret J. Tilley, Intervenor.

No. C9–02–1351.

Supreme Court of Minnesota.

Oct. 17, 2002.

Matthew W. Haapoja, Trimble & Associates, Ltd., Minneapolis, MN, for Petitioner.

James C. Backstrom, Dakota County Attorney, Karen A. Schaffer, Assistant County Attorney, Hastings, MN, for Respondents.

## OPINION

PER CURIAM.

Petitioner Russ Lundquist filed a petition under Minn.Stat. § 204B.44 (2000) alleging a wrongful act or omission by the respondent county auditor in her placement of candidate Margaret Tilley's name on the ballot for the 2002 election. The petition was referred to a referee to take and receive evidence and make findings of fact relative to petitioner's claim that the candidate will not have resided in Legislative District 38A for six months immediately preceding the general election as required by Minn. Const. art. IV, § 6. The referee found that Tilley established residency in District 38A. This opinion confirms the order filed on August 28, 2002, denying the petition.

Petitioner is an eligible voter and elector in Legislative District 38A. He claimed in his petition that Tilley was required to live in District 38A from and after May 5, 2002, to establish residence as required by the Minnesota Constitution. Petitioner claimed Tilley did not reside within District 38A at 1470 Englert Road in Eagan, Minnesota, as she represented in her affidavit of candidacy filed with the county auditor, but at 1055 Wescott Road in Eagan, which is not in the district. In support of the petition, petitioner attached a property tax record indicating that Tilley claimed the residential homestead classification for 1055 Wescott Road, outside the district. Petitioner also submitted a copy of a videotape of a June 17, 2002, local cable access television show, in which Tilley stated, "If I win, I will move."

We issued an order requiring the respondent county auditor, the secretary of state, and Tilley to respond to the petition. Tilley denied the allegations in the petition, moved to dismiss the petition on jurisdictional grounds, and moved to dismiss the order to show cause on several other bases. We deferred ruling on the motions and appointed the Honorable Edward Toussaint, Jr., to serve as referee in the matter to take and receive all evidence and make findings of fact. *See Parsons v. Hickey*, 294 Minn. 543, 544, 201 N.W.2d 739, 740 (1972); *Moe v. Alsop*, 288 Minn. 323, 325, 180 N.W.2d 255, 257 (1970).

The referee found that Tilley owns property at 1055 Wescott Road in Eagan, outside District 38A, and had lived at this

address for 29 years prior to May 5, 2002. Tilley's college-aged daughter lived there in the summer of 2002. Tilley runs her campaign out of this address, which contained some of her furnishings during the relevant time period. However, Tilley began paying monthly rent of $350 on May 5, 2002, for two bedrooms at 3830 Alder Lane, Eagan, located in District 38A, to establish residency there. Tilley purchased renter's insurance to cover the property, and she and her 17–year–old daughter stayed there about six nights per week in May.[1]

Tilley notified the Campaign Finance and Public Disclosure Board of her new address and submitted a change-of-address form to the post office. On May 9 or 12, 2002, Tilley applied for a new driver's license with the Alder Lane address.

The referee also found that, on July 1, 2002, Tilley entered into a rental agreement for a different residence, at 1470 Englert Road in Eagan, which is located in District 38A. Her rental agreement requires her to pay $200 monthly rent and all utilities, maintain the lawn, plow the snow, and repaint a kitchen wall. Tilley again submitted a change-of-address form to the post office. Tilley used the Englert Road address when she filed for office with the county auditor. She acknowledges that, since May 1, 2002, she has spent a few nights at the Wescott property outside the district.

Based on all the evidence, the referee found that Tilley had done all that was reasonably possible to establish residency in District 38A and in fact established such residency.

## I.

We first address Tilley's motion to dismiss the petition on the basis that this court lacks jurisdiction over the matter. Tilley argues that the petition challenging her residency should have been filed in the district court rather than this court because District 38A is entirely within Dakota County. The jurisdiction of this court is set forth in Minn.Stat. § 204B.44 (2000), which provides that a petition seeking the correction of an "error or omission" in a ballot

> shall be filed with any judge of the supreme court in the case of an election for state or federal office or any judge of the district court in that county in the case of an election for county, municipal, or school district office.

On its face, this provision indicates that jurisdiction is proper in this court for any state office. However, Tilley asserts that we have interpreted the previous version of this statute, which Tilley claims is not materially different, to indicate that a petition challenging a ballot for a legislative seat in a district situated entirely in one county must be filed in district court. She gleans this argument from *Parsons*, 294 Minn. at 545, 201 N.W.2d at 741.

We noted in *Parsons* that section 203.38, subdivision 1 (1971), the predecessor of section 204B.44, provided that a challenge to the ballot in a "county election" was to be commenced in district court, whereas a "state election" ballot challenge was to be brought in this court. *Parsons*, 294 Minn. at 545, 201 N.W.2d at 741. We held that in section 203.38 proceedings "involving districts extending into more than one county but less than the whole state and in all proceedings involving * * * district court [elections], whether the boundaries of the district are coterminous with the county or not, the proceeding is properly

1. In his findings, the referee indicated that Tilley and her daughter stayed at the Alder Lane property "about six nights in May." The testimony indicates Tilley spent six days *each week* at the Alder Lane property during May 2002.

brought in this court." *Parsons*, 294 Minn. at 546, 201 N.W.2d at 741.

Tilley's reliance on this passage is misplaced because section 204B.44 differs substantially from section 203.38. While section 203.38 distinguished between a "state election" and a "county election," section 204B.44 confers jurisdiction in this court for cases involving election for "state office" as opposed to "county office." Although an election for a legislative office in a district situated entirely within a single county may be characterized as a "county election," a legislative office is undoubtedly a "state office." Because the statute no longer triggers jurisdiction based on the geographic unit relevant to the *election*, but instead triggers jurisdiction based on the *nature of the office* at issue, section 203.38 and our holding in *Parsons* is not dispositive. Because the election for a seat in the state legislature is "an election for state * * * office," the petition was properly filed in this court.

## II.

■■■■ We turn to Tilley's motion to dismiss on the grounds of untimeliness. As set forth more fully in the companion case *Piepho v. Bruns*, 652 N.W.2d 40 (Minn. 2002), in the election context we ask whether the petitioner has so unreasonably delayed asserting a known right as to prejudice others. *See Fetsch v. Holm*, 236 Minn. 158, 163, 52 N.W.2d 113, 115 (1952). The petition in this case was filed one day before the petition was filed in *Piepho*. As in *Piepho*, it is not clear when petitioner first became aware of a question with respect to Tilley's residency. In the absence of this information, we cannot conclude that petitioner failed to assert a *known* right within a reasonable period and deny the motion to dismiss on this basis.[2]

## III.

■■■ We turn to the substantive issue of whether petitioner has sustained his burden of establishing that Tilley has not resided in District 38A for six months prior to the November 5, 2002, general election. We incorporate herein the analysis set forth in *Piepho*, and focus on evidence of physical presence and intent. *Piepho*, 652 N.W.2d at 44. In this case, the referee found that Tilley began paying monthly rent of $350 on May 5, 2002, for two bedrooms at the Alder Lane address located in District 38A, with the specific intent to establish residency there. The referee found that Tilley purchased renter's insurance to cover the property, and she testified that she stayed there about six nights per week in May 2002. Tilley later rented residential property on Englert Road within the district. In each case, Tilley submitted a change-of-address form to the post office. She also applied for a new driver's license with the Alder Lane address and notified the Campaign Finance and Public Disclosure Board of her new address.

■■■ Petitioner appears to rely exclusively on Tilley's statement that, "If I win, I will move," and claims the court must consider the converse of this statement, that if Tilley lost she would not move from her Wescott Avenue property. However, Tilley had already moved from the Wescott property into District 38A at the time she made the statement and she testified at the hearing that she did not intend to move back to the Wescott property regardless of the outcome of the election.

---

**2.** In her motion to dismiss, Tilley also claims (a) the petition was brought in bad faith, solely for political purposes, and not based upon facts; (b) the petition is insufficient because the allegations are based solely on information and belief; and (c) the petition fails to provide a basis to grant the relief requested. Because we opt to address the petition on the merits, we decline to rule on these issues.

Furthermore, Tilley explained at the hearing that by her statement she meant that if she won she intended to purchase a home in the district. It is the role of the referee, and not this court, to evaluate the credibility of witnesses, *see Nelson v. O'Neil Amusements*, 274 Minn. 555, 555–56, 142 N.W.2d 647, 648 (1966), and because the record supports the referee's conclusions that Tilley intended to and established residency in District 38A, we do not disturb the findings.

The record supports the conclusion that Tilley had sufficient presence in District 38A and intent to reside there to meet the residency requirement of Minn. Const. art. IV, § 6.

Petition denied.

HANSON, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.