IN RE PETITION OF BENJAMIN PETER CONSTANTINE FOR
REINSTATEMENT AS AN ATTORNEY.

103 N. W. (2d) 196.

May 6, 1960—No. 37,170.

*Alfred J. Weinberg,* for petitioner.

*Charles H. Richter, Roger Catherwood,* and *Glen P. Powrie,* for Practice
of Law Committee of the Minnesota State Bar Association.

PER CURIAM.

An order was entered by this court on March 1, 1957, by which Benjamin Peter Constantine was disbarred from the practice of law and a judgment to that effect was entered. We stated in In re Application for Discipline of Constantine, 249 Minn. 599, 81 N. W. (2d) 711, 712:

"The respondent was convicted of grand larceny in the first degree in the District Court of St. Louis County on May 17, 1956. Under M. S. A. 481.15, subd. 1, his conviction is ground for disbarment, and in line with previous decisions of this court, respondent must be so disciplined. * * *

"Since his conviction, matters presented to the district court in extenuation and in mitigation of sentence caused that court to suspend execution of the sentence imposed upon respondent and to place him on probation. The terms of the probation have been fully complied with by respondent. He has ceased the practice of law and is now employed in a responsible position by an established mining firm in St. Louis County."

Pursuant to Constantine's petition for reinstatement this court by an order entered December 10, 1958, appointed the Honorable Arnold Hatfield, judge of the District Court of the Tenth Judicial District of Minnesota, as referee to hear and report evidence bearing on the merits of the petition. After a thorough review of the proceedings had before him, the referee in a memorandum accompanying his report expressed this view:

"There is little doubt that Constantine has rehabilitated himself. His efforts and success have been laudable. He has set an example for others who hope to overcome the liquor habit and re-establish their lives and reputations.

"He has definitely, by his conduct, *evidenced* a determined and continued *effort* to live according to 'proper standards' of ethics and good conscience."

After the report was submitted the matter was placed upon the calendar for oral argument, at which time the Practice of Law Committee ably opposed the granting of the petition. We have carefully reviewed the entire record. In addition to exhibits and other documents, it includes a type-written transcript of 712 pages containing the testimony of 48 witnesses. From the record it appears that in the interval between his admission to practice in 1934 and the time of his conviction in 1956 the petitioner had an impressive record of public service. He had been a special assistant attorney general, city attorney of the city of Eveleth, a member of the Board of Education of the city of Eveleth, mayor of the city of Eveleth, commissioner of Iron Range Resources Commission by appointment of Governor Youngdahl, and judge of probate court of St. Louis County by appointment and later by election without opposition. The difficulties which gave rise to his disbarment grew out of his physical and emotional condition. Between 1953 and 1956, the period during which his wrongful and unethical conduct occurred, his mental and physical condition was impaired by avitaminosis and acute alcoholism.

Many witnesses testified to his good character and reputation and vouched for his complete rehabilitation. Among these were clergymen, educators, business and professional men, and numerous members of the legislature. Opposed to these witnesses were certain members of the bar, some of whom testified that the applicant's reputation was not good even before he became an alcoholic. The principal objection of the Practice of Law Committee, however, is that the application for reinstatement is premature and that not a sufficient length of time has elapsed to warrant the assumption that Constantine's change in character is permanent. In appraising the testimony of the attorneys who testified in opposition to the petition, Judge Hatfield noted that "they apparently concluded that because of his bad character before disbarment he could not have changed sufficiently in two and a half years to become a person of good character."

After petitioner's conviction in May 1956 for the crime of embezzlement the district court in imposing sentence on June 18, 1956, placed him on probation. He was discharged from probation by order of court in November 1957. The trial court, who had the benefit of the investigations and reports of probation officers, expressed the view that the criminal act was the product of Constantine's illness and that if he could abstain from the use of alcoholic beverages he could completely rehabilitate himself. It appears from the record as a whole that Constantine has justified the confidence of the trial court. In a communication to this court the trial court has said:

"In all of my years as a practitioner and judge, I have never known a probationer who has done as well as Constantine. I do not make any

excuses for his conduct prior to sentence and probation. If, however, he is to be judged by his conduct since June 18, 1956, he is entitled to every consideration."

Another district judge of the St. Louis County District Court testified as to the good reputation of the applicant subsequent to his conviction and of his complete rehabilitation. The senior judge of that court has recommended that the application be granted, stating "I am of the opinion that the time which has now elapsed since his disbarment has served its purpose as well as a longer period of waiting would." A retired district judge who has known Constantine for many years has expressed this view to this court, "I feel that he has learned his lesson and will conduct himself as a lawyer in the best traditions of the profession. I am sure that I express the sentiment of most of the lawyers and laymen of this community."

The Practice of Law Committee with commendable zeal has fully developed all of the evidence which might support the claim that the petition for reinstatement is premature. It would serve no useful purpose to go into all of the evidence contained in the voluminous record. It is true that some of the petitioner's conduct since his disbarment has indicated a want of tact and restraint. The referee was of the view, however, that such conduct was the understandable reaction of a man who desperately sought recognition under pressure of vigorous opposition of some of his fellow lawyers. In our decision of March 1, 1957, we said that if, after a lapse of reasonable time, it appears that Constantine has rehabilitated himself "and by his conduct evidenced a determined effort to live according to proper standards of ethics and good conscience," we would give fair and due consideration to his application for reinstatement. From an examination of the record as a whole we are impelled to agree with the views expressed by the district judges. In determining whether the public interest in the orderly and impartial administration of justice will be conserved by the applicant's participation therein in the capacity of an attorney, we have given full consideration to the culpable nature of the acts which brought about his disbarment. This question, however, must not be considered apart from the illness which produced those wrongful acts. If we assume that the petitioner is completely recovered from his illness, it must follow that he may be considered as a person of good moral character and a fit and proper person to practice law, since drinking was the sole cause of his difficulty. While there is always a hazard that the reformation of an alcoholic may not be permanent, we believe with the members of the district court that after a period of about 4 years of good conduct the applicant is entitled to an opportunity to try to make for himself a useful and honorable life as a lawyer in the years to come.

It is therefore ordered that the petition of said Benjamin Peter Con-

stantine to be reinstated as an attorney at law of this state be and the same hereby is in all things granted.

MR. JUSTICE LOEVINGER, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.