# IN RE APPLICATION OF OSCAR B. STRAND FOR REINSTATEMENT TO PRACTICE LAW.

107 N. W. (2d) 518.

February 10, 1961—No. 30,021.

Donald H. Seel, for petitioner.

Glen P. Powrie, for Practice of Law Committee of Minnesota State Bar Association.

LOEVINGER, JUSTICE.

This is an application for reinstatement of a disbarred attorney.

Principles applicable to reinstatement of a lawyer were enunciated

and discussed by this court in In re Application of Smith for Reinstatement, 220 Minn. 197, 19 N. W. (2d) 324. The cases are extensively reviewed and summarized in Annotation, 70 A. L. R. (2d) 268. There is no doubt as to the applicable principles, and we reaffirm the opinion in In re Application of Smith for Reinstatement, *supra.*

The purpose of disciplining an attorney is not to punish him but to guard the administration of justice and protect the public interest. While the court should be slow to disbar an attorney, it should be even more cautious in readmitting to practice. Stronger proof of good moral character and trustworthiness should be required than in an original admission. The burden of producing such proof is upon applicant.

Upon application for reinstatement of a disciplined attorney, the court should take into consideration the intellectual as well as the moral qualifications of the applicant. It is the duty of the court in such a case to act with justice to the profession and public, as well as to the applicant, and without regard to mere feelings of sympathy for applicant. Upon filing of a petition for reinstatement of a disciplined attorney, the court will refer the matter to the practice of law committee of the Minnesota State Bar Association for a report, and thereafter, if any doubt remains, in its discretion, will order a reference and follow the same procedure as in disbarment proceedings.

Applicant was admitted to practice law in this state in 1909. He was disbarred May 3, 1935, by decision of this court: In re Disbarment of Strand, 194 Minn. 391, 260 N. W. 499. An application for reinstatement was filed April 18, 1958. The matter was referred to the practice of law committee of the Minnesota State Bar Association which held a hearing on March 20, 1959, at which applicant appeared with an attorney. Following this, the committee sought the recommendation of the ethics committee of the Hennepin County Bar Association, the professional organization of the county of applicant's residence. The ethics committee found that applicant has rehabilitated himself and voted 8 to 3 in favor of a recommendation that he be readmitted to the bar. The practice of law committee found that applicant's record is good but recommended that reinstatement be denied,

principally on the ground that his attitude before the committee did not impress it as contrite and candid.

After receiving this report, the court ordered the matter referred to the Honorable Charles A. Flinn, a judge of the district court of this state, as a referee, to hear and report evidence and make findings of fact. The matter was heard by the referee on May 13, 1960. Applicant appeared in person and with his attorney and presented testimony of witnesses as to his character. The referee found that since the date of disbarment applicant has been engaged in business in this state and has conducted himself in all respects in an honest and honorable manner. The referee found that applicant's attitude at the time of hearing was a proper one, that he was now qualified for readmission to the bar, and recommended that the petition for reinstatement be granted. Thereafter the matter was put on the calendar of this court for argument. Applicant's attorney appeared in support of the petition, and a representative of the practice of law committee appeared in opposition. The committee does not question the present moral character of applicant but asserts that he has not shown himself to be intellectually qualified to practice law now.

It will obviously be difficult to establish intellectual qualifications to practice law after an extensive period of exile from the profession. In such a case it might be advisable for an applicant to make a showing of some systematic effort to familiarize himself with current legal practice. However, there are no definite or formal standards established, and each case must be determined on the basis of a judgment as to the individual involved.

Here we have attempted to consider all the facts casting any light upon applicant's qualifications, including his conduct and career subsequent to disbarment, the period elapsed since then, applicant's age (which is now 73), applicant's testimony concerning his own future plans, and the testimony of the outstanding men who bore witness to applicant's present good moral character. The recommendation of the referee is entitled to great weight, and the court has concluded that it should be followed and the petition granted.

Application for reinstatement granted.