IN RE APPLICATION FOR REINSTATEMENT OF
FRED A. OSSANNA.

180 N. W. (2d) 260.

September 11, 1970—No. 39008.

*Hvass, Weisman, King & Allen* and *Si Weisman,* for petitioner.
*Herbert C. Davis* and *George R. Ramier,* for respondent, State
Board of Law Examiners.

PER CURIAM.

Petitioner was disbarred from practicing law in Minnesota on June
28, 1963,[1] and now seeks reinstatement. The only issue is whether he
has proved by clear and satisfactory evidence that he is rehabilitated.[2]
We hold that he has not. The petition is therefore denied.

The facts giving rise to the disbarment are set forth in Isaacs v.
United States.[3] On November 15, 1960, petitioner was convicted in Fed-
eral court of six counts of mail fraud, two counts of wire fraud, three
counts of fraudulent interstate shipment, and two counts of conspiracy.
He was sentenced to serve two concurrent 4-year terms and fined
$11,000.

The United States Court of Appeals characterized petitioner's con-
duct while president of the Twin City Rapid Transit Company as "per-
meated with fraud" in one instance and as "rank fraud" in another.[4]
These felonies were committed at a time when petitioner had been ad-
mitted to practice for over 30 years. He was then a mature and success-
ful lawyer. He did not take the stand on his own behalf to explain or
excuse his behavior. Hence, no mitigating circumstances were de-

[1] In re Application for Discipline of Ossanna, 266 Minn. 569, 122 N. W.
(2d) 446.

[2] Application of Smith for Reinstatement as Attorney, 220 Minn. 197,
201, 19 N. W. (2d) 324, 326.

[3] Isaacs v. United States (8 Cir.) 301 F. (2d) 706, certiorari denied,
371 U. S. 818, 83 S. Ct. 32, 33, 9 L. ed. (2d) 58.

[4] 301 F. (2d) 714, 724.

veloped in the Federal court proceedings. There is nothing in the record to indicate that petitioner's misconduct resulted from any mental or psychological aberration or pressures which were transitory and susceptible of correction.[5]

We have said with respect to petitions for reinstatement: "Stronger proof of good moral character and trustworthiness should be required than in an original admission. The burden of producing such proof is upon applicant." [6] If petitioner were seeking original admission, clearly it would be our duty to deny it. He has not sustained the more onerous burden of securing reinstatement.

Petition denied.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[5] In In re Petition of Constantine for Reinstatement, 258 Minn. 582, 584, 103 N. W. (2d) 196, 198, we said, "In determining whether the public interest in the orderly and impartial administration of justice will be conserved by the applicant's participation therein in the capacity of an attorney, we have given full consideration to the culpable nature of the acts which brought about his disbarment. This question, however, must not be considered apart from the illness which produced those wrongful acts."

[6] In re Application of Strand for Reinstatement, 259 Minn. 379, 380, 107 N. W. (2d) 518, 519.