IN RE APPLICATION FOR REINSTATEMENT
OF GORDON CLINTON PETERSON.

181 N. W. (2d) 341.

November 6, 1970—No. 37947.

*Peterson, Bell & Converse* and *Robert C. Bell,* for petitioner.
*Herbert C. Davis,* for respondent, State Board of Law Examiners.

PER CURIAM.

Petitioner was disbarred on June 23, 1961, on two charges. In re Application for Discipline of Peterson, 260 Minn. 339, 110 N. W. (2d) 9. First, he was found to have induced a client to pay a retainer of $1,000 for defending against a fictitious charge contained in a criminal information which petitioner had forged. Second, he was found to have failed to account for the proceeds of a sale conducted on behalf of a client who was confined in prison.

This is petitioner's second application for reinstatement to the practice of law. A prior application was denied on November 25, 1966. In re Application for Reinstatement of Peterson, 275 Minn. 559, 146 N. W. (2d) 768.

We are asked to grant the petition on the authority of Application of Smith for Reinstatement as Attorney, 220 Minn. 197, 19 N. W. (2d) 324; and In re Application of Strand for Reinstatement, 259 Minn. 379, 107 N. W. (2d) 518. Significantly, in Strand the moral character of the petitioner was not in issue. We there said it was our duty "to act with justice to the profession and public, as well as to the applicant, and without regard to mere feelings of sympathy for applicant." 259 Minn. 380, 107 N. W. (2d) 519. The referee had recommended reinstatement and it was granted.

In Smith, we said the test was whether petitioner was "of such good moral character that he should be readmitted to the office of attorney and recommended to the public as a trustworthy person fit to be consulted in matters of confidence." 220 Minn. 200, 19 N. W. (2d) 326. There, however, we held that he had "failed to sustain the burden imposed upon him to show by clear and satisfactory evidence that there

has been a moral change so as to justify reinstatement." 220 Minn. 201, 119 N. W. (2d) 326.

In the matter before us, the referee made no finding on the question of rehabilitation and no recommendation concerning the disposition of the petition. However, we have carefully examined the record and have concluded that petitioner has failed to sustain his burden of proving that he has "undergone such a moral change as now to render him a fit person to enjoy the public confidence and trust once forfeited." Application of Smith for Reinstatement as Attorney, 220 Minn. 197, 201, 19 N. W. (2d) 324, 326; In re Application for Reinstatement of Ossanna, 288 Minn. 541, 180 N. W. (2d) 260.

The petition for reinstatement is therefore denied.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.