**Gordon C. PETERSON, Plaintiff,**

**v.**

**Oscar R. KNUTSON, Chief Justice, et al., Defendants.**

**No. 3–73–Civ–289.**

United States District Court, D. Minnesota, Third Division.

Dec. 12, 1973.

---

Gordon C. Peterson, pro se.

Warren Spannaus, Atty. Gen., Jonathan H. Morgan, Sol. Gen., Richard G. Mark, Special Asst. Atty. Gen., St. Paul, Minn., for defendants.

Moore, Costello & Hart, A. Patrick Leighton, St. Paul, Minn., for defendant Otis.

## MEMORANDUM AND ORDER OF DISMISSAL

DEVITT, Chief Judge.

Gordon C. Peterson, a disbarred attorney, brings action under civil rights statutes against Minnesota Supreme Court justices and other Minnesota state officers for damages, claiming the Supreme Court's decision aborting his candidacy for the office of justice of the Minnesota Supreme Court at the November 1972 election violated his federal constitutional rights. Defendants move for dismissal pursuant to Federal Civil Rule 12(b). Briefs have been submitted and argument heard.

The Minnesota Supreme Court decision denied plaintiff his claimed "right" to have his name on the ballot for the position of justice of the Minnesota Supreme Court because he was not "learned in the law" as required by the Minnesota Constitution. In re Daly, 294 Minn. 351, 200 N.W.2d 913 (1972). Plaintiff sought review of this determination by petition for certiorari to the United States Supreme Court and the petition was denied. Daly v. McCarthy, 409 U.S. 1041, 93 S.Ct. 528, 34 L.Ed.2d 491 (1972).

Plaintiff was disbarred in 1961, In re Application for Discipline of Peterson, 260 Minn. 339, 110 N.W.2d 9 (1961). His three applications for reinstatement were denied. See 288 Minn. 550, 181 N.W.2d 341 (1970); 275 Minn. 559, 146 N.W.2d 768 (1966); 260 Minn. 339, 110 N.W.2d 9 (1961).

■ An action to be cognizable under the pertinent civil rights statute, 42 U.S.C. § 1983, requires an allegation that there is a deprivation of some right, privilege or immunity guaranteed under federal law. The "right" of plaintiff to run for the office of justice of the Minnesota Supreme Court is not a right or privilege guaranteed under the federal constitution or laws. There is no federal right to run for or hold state elective office. Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944).

■ Each of these defendants, the justices and the named state officers, are immune from suit. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Ruderer v. Meyer, 413 F.2d 175 (8th Cir. 1969); Serbus v. Hoffman, 450 F.2d 296 (8th Cir. 1971); Savage v. United States, 322 F.Supp. 33 (D. Minn.), aff'd on other grounds, 450 F.2d 449 (8th Cir. 1971), cert. denied, 405 U.S. 1043, 92 S.Ct. 1327, 31 L.Ed.2d 585 (1972).

■ The claim which plaintiff seeks to litigate here is the same claim which was passed upon by the Minnesota Supreme Court in 1972 when it denied plaintiff's placement on the ballot. As a court in the federal system we do not have authority to review decisions of the Minnesota Supreme Court. A valid state court judgment may not be collaterally attacked in the federal court and the principles of res judicata fully apply. Treinies v. Sunshine Mining Company, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939).

■ The Minnesota State Constitution, the convention history surrounding its adoption, judicial decisions interpreting it, and interpretations of similar provisions of other state constitutions, fully support the decision of the Minnesota Supreme Court that a disbarred attorney cannot be a candidate for or hold office as a justice of the Minnesota Supreme Court. I agree with the conclusion of the Minnesota Supreme Court:

"It thus seems clear that a disbarred attorney is no more qualified to hold the office of justice of the supreme court or judge of the district court than any other lay person. By his disbarment he is reduced to the status of a layman. The term 'learned in the law,' which prescribes the qualifications for these judicial positions, clearly prevents a layman from filing for or holding the office; and it must therefore follow that a disbarred attorney is in no better position to file for the office, or to hold it if he is elected, than any other layman." 200 N.W.2d at 920

In short, the plaintiff has had his day in court and has exhausted all of his remedies up to the Supreme Court of the United States. This court is without jurisdiction to entertain his claim. The defendants are immune from suit. There is no federal constitutional right to run for or hold a state office and the Minnesota Supreme Court correctly interpreted the Minnesota Constitution that Peterson as a disbarred attorney was not eligible to run for or hold the office of justice of the Minnesota Supreme Court.

The motion of defendants for dismissal is granted.