**In re Application for the DISCIPLINE OF Carl Sigurd SWANSON, an Attorney at Law of the State of Minnesota.**

**No. C2–75–46057.**

Supreme Court of Minnesota.

May 22, 1987.

Carl Sigurd Swanson, pro se.

William J. Wernz, Director, Office of Lawyers Professional Responsibility, Candice M. Hojan, Sr. Asst. Director, St. Paul, for respondent.

PER CURIAM.

Petitioner was disbarred in 1976 and seeks reinstatement to the practice of law. A panel of the Lawyers Board of Professional Responsibility recommends that the petition be denied. We agree with the panel's findings and deny the petition.

Petitioner claims to have undergone such a moral change as to render him fit now again to practice law. He has not sustained the necessary burden of proof.

After petitioner was disbarred in 1976, he petitioned this court for reinstatement. His petition was dated July 16, 1983, 2 years after his probation for the earlier offense had expired. That petition was denied by this court and an opinion filed February 17, 1984. *See In re Swanson*, 343 N.W.2d 662 (Minn.1984).

A disbarred attorney is not required to admit his past misdeeds nor make a rote confession of remorse and repentance as a precondition for reinstatement. However, even Alger Hiss, who claimed complete innocence of the perjury charge that led to his disbarment, was required to adduce substantial proof that he appreciated the "distinctions between right and wrong in the conduct of men toward each other * * *." *In re Hiss*, 368 Mass. 447, 457, 333 N.E.2d 429, 436 (1975), *quoting In re Koenig*, 152 Conn. 125, 132, 204 A.2d 33, 36 (1964). Here, petitioner, who has previously admitted to his misdeeds, has failed to demonstrate in a meaningful way that he "perceive[s] and reject[s] the wrongfulness of his [previous] conduct." *In re Peterson*, 274 N.W.2d 922, 926 (Minn.1979). The panel of the board hearing this matter

eerghi

summed up the present situation very well in a memorandum attached to its findings. We set forth the memorandum of the board and incorporate it herewith as part of the opinion.

The findings and memorandum of the board are undisputed by the petitioner. Accordingly, the petition for reinstatement is denied.

## APPENDIX

### MEMORANDUM

Petitioner's burden of proof to justify reinstatement to law practice is to "... establish by clear and convincing evidence that he has 'undergone such a moral change as now to render him a fit person to enjoy the public confidence and trust once forfeited.'" *In re Swanson*, 343 N.W.2d 662, 664 (Minn.S.Ct.1984), *quoting In re Smith*, 220 Minn. 197, 201, 19 N.W.2d 324, 326 (1945).

Petitioner has overcome many obstacles in his efforts to rehabilitate himself; he has won the respect, affection and support of friends, co-workers and members of the bar who have written and also testified on behalf of his petition for reinstatement. Petitioner's conduct since his release from incarceration has been unimpeachable, evidencing his strong desire to be a contributing member of society and a good employee. Indeed, notwithstanding his past misconduct, his reputation with former acquaintances and members of his community remains high. All who knew or know petitioner found his misconduct unexpected and out of character.

However, evidence of a "moral change" must come not only from an observed record of appropriate conduct, but from the petitioner's own state of mind and his values. What better evidence of his state of mind than his own words and thoughts. The petitioner's testimony reveals not only that petitioner has failed to undergo the moral change necessary to justify reinstatement, but that his present state of mind suggests an unwillingness or inability to admit that his prior misconduct actually occurred, was his responsibility or was wrong. At the hearing, the petitioner disclaimed his former adoption and admission of the misconduct set forth in the Amended Petition for Disciplinary Action. (Director's Exhibit 1–C.) He suggested that his former partner was more culpable than he, and that his partner bore the responsibility for their misconduct. Petitioner seemed unwilling to acknowledge his responsibility to clients, whose trust in him was ultimately betrayed. Petitioner has, perhaps naturally, but unacceptably, rationalized his prior misconduct to the point where he perceives his previous moral failing to have been misplaced trust in his former law partner, who, it is now claimed, bore the greater moral responsibility for failing to see to it that the misappropriated funds were replaced.

The practice of law is a privilege, not a right. It is indeed true that the privilege is initially granted upon comparatively little evidence of moral character. This is no paradox: those to whom the privilege is granted have not yet evidenced a lack of moral character by previous misconduct. The acts for which petitioner was originally disbarred are among the most serious acts of misconduct a lawyer can commit; they strike at the heart of the relationship of trust that must exist between attorney and client. These offenses were committed by a mature, experienced attorney in full possession of his faculties.

In light of his prior offenses, petitioner's burden would, in any case, be especially high. His testimony reveals an inability to come to terms with his past in such a way that his adherence to high moral standards in the future cannot be assumed. Petitioner has failed to meet his heavy burden of proof; his petition for reinstatement should be denied.