In re Petition for DISCIPLINARY ACTION AGAINST Dennis W. STRID, an Attorney at Law of the State of Minnesota.

C4–88–1993.

Supreme Court of Minnesota.

May 12, 1989.

ORDER

The Director of Lawyers Professional Responsibility filed a petition for disciplinary action against Respondent on September 16, 1988, and, later, on February 10, 1989, a supplementary petition seeking disciplinary action. Pursuant to the Rules on Lawyers Professional Responsibility, the matter was ultimately referred to a referee for a hearing on the petitions. On March 30, 1989, the referee returned to the court his findings of fact, conclusions of law and recommendation for discipline. Neither the Director nor the Respondent ordered a transcript of the referee hearing and, therefore, the referee's findings of fact and conclusions of law became conclusive. The Director and the Respondent by written stipulation agreed that the referee's findings of fact, conclusions of law and the recommendation for discipline would be appropriate considering the circumstances of this case. The referee recommended that the Respondent be placed upon probation, be required to successfully complete the professional responsibility examination within one year and be required to pay costs and disbursements including the cost

of $417.25 incurred by the Director in obtaining guardianship records from a bank.

The referee found misappropriation of a client's funds. This type of conduct is of the most serious degree in attorney discipline matters and almost always results in either disbarment or substantial suspension from the practice of law. However, the Director has recommended in this case that, due to certain mitigating factors, the recommended discipline appears to be appropriate. Those mitigating factors include the finding by the referee that the misappropriations were caused by Respondent's "grossly negligent handling of his trust accounts"; that no evidence exists of trust account deficiencies or violations after the year 1985; that Respondent had rectified his misappropriations and restored his trust account to the proper balance long before the Director's investigation had been initiated; and finally, that no one, including Respondent's clients, any guardianship creditors, or any other person had been substantially prejudiced by Respondent's neglect in the handling of his trust accounts. In essence, what the Director has recommended to this court is that the Respondent had recognized his mismanagement problems in the handling of his trust account long before any complaint was filed with the Director's office, and had himself taken steps to correct them and that, therefore, he was no longer a threat to the public.

The court having carefully examined all of the files and records herein, the findings and conclusions of the referee, the stipulation of the Director and the Respondent, NOW ORDERS:

1. That the Respondent is hereby publicly reprimanded and is placed upon probation for a period of two years from the date of this order.

2. That during the term of this probation, the Respondent shall successfully complete the professional responsibility portion of the Minnesota State Bar examination within one year from the date of this order.

3. That during the term of his probation, Respondent's trust account shall be

supervised by an attorney acceptable to the Director, or alternatively audited annually by a certified public account at Respondent's expense.

4. That Respondent shall forthwith pay the costs and disbursements of this proceeding including the cost of $417.25 incurred in obtaining the guardianship records from the bank.