In Re the Application for REINSTATE-MENT OF David K. PORTER as an Attorney at Law of the State of Minnesota.

No. C2–89–58.

Supreme Court of Minnesota.

Aug. 2, 1991.

Thomas J. Davern, Ardery, Davern & Van Okden, Golden Valley, for appellant.

William J. Wernz, Director of Office of Lawyers Professional Responsibility, Betty Shaw, Sr. Asst. Director, St. Paul, for respondent.

PER CURIAM.

On January 5, 1990, petitioner David K. Porter was indefinitely suspended from the practice of law, with the right to reapply for reinstatement in no less than six months time. Porter's suspension was based upon charges of falsification of will documents, false swearing under oath, misappropriation of client funds, and mismanagement of trust accounts. Porter claimed mitigation by psychological disability. *In re Porter*, 449 N.W.2d 713 (Minn.1990).

In July 1990, Porter applied for reinstatement. A panel of the Lawyers Professional Responsibility Board held two hearings on this matter, issuing findings and conclusions recommending that Porter not be reinstated. The panel concluded that Porter had not shown by clear and convincing evidence that he has recognized his past misconduct or taken sufficient steps to see that it does not recur.

After the first of the two hearings, Porter mailed a four-page, single-spaced typewritten newsletter to about 30 of his former clients. The rambling and disjointed letter questioned the impartiality of the panel chair and contained a variety of self-serving statements which mischaracterized Porter's previous, admitted misconduct.

At about that same time, though represented by counsel, Porter began a series of unusual, personal contacts with panel members, including a visit to the home of one panel member. Porter requested that the panel hold a second hearing because of alleged ex parte contacts between the panel and the Office of the Director of Lawyers Professional Responsibility.[1] After the second hearing, the panel issued supplemental findings of fact and conclusions, affirming its earlier recommendation that Porter's petition for reinstatement be denied.

■ In general, an attorney applying for reinstatement must "establish by clear and convincing evidence that she or he has undergone such a moral change as now to render him a fit person to enjoy the public confidence and trust once forfeited." *In re Hanson*, 454 N.W.2d 924, 925 (Minn.1990) (citations omitted). Evidence of this moral change "must come not only from an observed record of appropriate conduct, but from the petitioner's own state of mind and his values." *Id.* This standard requires stronger proof of good character and trustworthiness than is required in an original

1. Porter's concern apparently stemmed from learning that documents prepared by the panel were being typed by clerical staff of the Office of Lawyers Professional Responsibility, because the panel chair, a volunteer panel member and solo practitioner, had limited clerical resources available in his own office. We are confident that revised procedures adopted by the Office of Lawyers Professional Responsibility will avoid any appearance of ex parte contact in future matters. Furthermore, we are confident that no prejudice resulted to Porter in this case.

application for admission to practice. *In re Swanson*, 343 N.W.2d 662, 664 (Minn.1984).

 In this case, we required by our order of suspension clear and convincing evidence "that [Porter] has recognized his past misconduct and taken steps to see that it does not recur." *Porter*, 449 N.W.2d at 719. Porter's letter to his former clients shows a lack of remorse and failure to recognize the seriousness of his conduct. The panel concluded that Porter has not yet proven by clear and convincing evidence that he has recognized his past misconduct or taken steps to see that it does not recur. After reviewing the entire record, we agree.

We also required Porter to prove by clear and convincing evidence "that he has overcome any psychological disability which would prevent him from competently and ethically practicing law." *Id.* The panel found both that Porter's bipolar disorder was not the cause of the conduct for which he was suspended (as we held, 449 N.W.2d at 717) and that Porter has been successfully treated for bipolar disorder with lithium medication and psychotherapy. But the panel did not find, nor do we conclude, that Porter has met our ordered reinstatement requirement that he overcome any psychological disability which would prevent him from competently and ethically practicing law. Porter disregarded the advice of his psychologist and of his lawyer when he contacted one panel member at home and mailed his letter to former clients. Accepting the panel finding on the treatment of bipolar disorder, we retain the impression from the whole record that Porter's instability habituates him to impulsive behavior. Thus, Porter has not met our ordered requirement for showing psychological fitness for practice any more than he has shown moral change.

To protect the public, while leaving Porter the opportunity to reenter the practice of law when he has shown fitness for practice in all respects, we order:

1. that David K. Porter remain suspended from the practice of law, with leave to apply for reinstatement;

2. that David K. Porter meet all the requirements of our January 5, 1990, order before reinstatement; and

3. that David K. Porter establish by the testimony of witnesses other than himself, to a clear and convincing standard of proof, that he has conducted himself with stability in his personal and business life, and with appropriate respect for the legal system of this state.

IT IS SO ORDERED.