## In re Petition for REINSTATEMENT OF David K. PORTER, an Attorney at Law of the State of Minnesota.

### No. C2–89–58.

Supreme Court of Minnesota.

May 26, 1995.

---

### ORDER

WHEREAS, petitioner David K. Porter was, on January 5, 1990, indefinitely suspended from the practice of law, *Disciplinary Action Against Porter*, 449 N.W.2d 713 (Minn.1990), and

WHEREAS, petitioner applied for reinstatement in July 1990, and this court held that he had not demonstrated by clear and convincing evidence that he recognized his past misconduct and had overcome any psychological disability as required by the court in its suspension decision and that he was to remain suspended until he could make such a showing, *In Re Reinstatement of Porter*, 472 N.W.2d 654 (Minn.1991), and

WHEREAS, petitioner has again applied for reinstatement and a panel of the Lawyers Professional Responsibility Board, after a hearing whereat they considered evidence from petitioner, personal acquaintances, professional associates, and various mental health providers, concluded that petitioner has complied with the conditions for reinstatement required by our opinions, has provided clear and convincing evidence that he has conducted himself with stability in his personal and business life and has appropriate respect for the legal system, has undergone a sufficient moral change to be reinstated to the practice of law, and is sufficiently psychologically fit to represent clients under supervised probation subject to stated conditions, and

WHEREAS, this court has independently reviewed the record and agrees with the recommendation of the panel,

IT IS HEREBY ORDERED that petitioner David K. Porter is reinstated to the practice of law and placed on 4 years' supervised probation subject to the following conditions, as recommended by the panel:

1. Petitioner shall abide by the Minnesota Rules of Professional Conduct (MRPC).

2. Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorizations for release of information and documentation to verify compliance with the terms of this probation.

3. Petitioner shall not begin representing clients until a system of supervision approved by the Director has been established. Any supervisor(s) shall be made aware of petitioner's psychological history and shall be authorized to speak with petitioner's psychiatrist or psychologist regarding his practice.

4. Petitioner shall maintain books and records concerning law office income and expenses and funds held on behalf of clients in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. Each month, petitioner shall provide his supervisor(s) with monthly trust account reconciliations including trial balances from client subsidiary ledgers. He shall also make all books and records pertaining to his office and

trust accounts available to his supervisor(s) who shall review them to determine that they are being properly maintained. Such books and records shall also be made available to the Director upon request.

5. Petitioner shall cooperate fully with his supervisor(s) in the monitoring of petitioner's compliance with this probation. Petitioner shall contact his supervisor(s) and schedule a minimum of one in-person meeting per week for at least the first six months of the probation. Prior to each meeting with the supervisor(s), petitioner shall submit to his supervisor(s) an inventory of all active client files. With respect to each active file, the inventory shall disclose the client's name, type of representation, the date the file was opened, the date and description of the most recent activity, a date and description of the next anticipated action and the anticipated closing date for the file. Upon the supervisor's recommendation and with the approval of the Director, petitioner's in-person meetings may be reduced to twice per month for the next six months, and thereafter to once per month for the next year, and to once per quarter for the remaining two years. Petitioner's supervisor(s) shall file written reports with the Director at least monthly for the first year and then quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

6. Before accepting any clients, petitioner shall provide to the Director and to his probation supervisor(s), a written plan outlining office procedures and an appropriate business and trust account books and record keeping system.

7. Petitioner shall continue treatment with his treating psychiatrist or other appropriate mental health providers until such time as they discharge petitioner. Petitioner shall notify the Director before changing psychiatrists. Petitioner shall comply with all medication and other therapy recommendations. Petitioner shall authorize his mental health providers to report to the Director's Office on at least a quarterly basis regarding his compliance. Any report of non-compliance with medication or therapy shall be by itself a basis for immediate temporary suspension from the practice of law.

8. No later than three months before probation is scheduled to end, petitioner shall provide to the Director's Office clear and convincing medical/psychological evidence that he is fit to practice without supervision or further probation. If such evidence cannot be provided, then probation shall continue until such time as that evidence is provided.

BY THE COURT:

/s/ M. Jeanne Coyne

M. Jeanne Coyne
Associate Justice