**In the Matter of the Application of Carl Sigurd SWANSON for Reinstatement as a Member of the Bar of the State of Minnesota.**

**No. C2–75–46057.**

Supreme Court of Minnesota.

Feb. 17, 1984.

Robert T. White, St. Paul, for petitioner.

Michael J. Hoover, Director of Lawyers Professional Responsibility Board, and William J. Wernz, St. Paul, for respondent.

PER CURIAM.

This is a petition for reinstatement by Carl Sigurd Swanson, who was disbarred on March 1, 1976. The Director of the Lawyers Professional Responsibility Board investigated petitioner's request and recommended against reinstatement. The matter was heard before a panel of the Lawyers Professional Responsibility Board on July 20, 1983. The panel also recommended against reinstatement. We affirm the panel's recommendation.

Petitioner was disbarred for converting funds from various clients' trust and estate accounts. By stipulation, he admitted the allegations set forth in the Amended Petition for Disciplinary Action which resulted in his disbarment. The Amended Petition recited the following complaints:

1. Mr. Swanson failed to distribute $31,-525.01 from an estate.

2. Mr. Swanson issued NSF checks of $6,748.42 from his own trust account and $16,762.74 from a client's estate as executor in payment of distributive shares.

3. Mr. Swanson forged the signature of an executrix on a check of $11,650 payable to his own trust account and later withdrew this money to pay a distributee of another estate.

4. Mr. Swanson withdrew $5,500 from a client's estate account and deposited the money in his own personal checking account, thus delaying final distribution to a residuary legatee.

5. Mr. Swanson deposited $13,375.93 from a client's estate account into his own trust account and, without making additional deposits, withdrew $3,000 from his trust account and deposited the money into his wife's personal account. He also drew two checks of $901.50 and $750 on his trust account and deposited this money into his own business account.

6. Mr. Swanson deposited $13,000 from the proceeds of the settlement of a will contest into his trust account. He later withdrew these funds and, by the date of the decree of distribution of the settlement, his trust account was closed with a closing balance of $2.08.

These activities took place between 1971 and 1974, with most of the offenses occurring in October and November of 1974. Petitioner was temporarily suspended by this court on July 18, 1975, and disbarred on March 1, 1976. On January 19, 1977, he was convicted of a felony (theft exercising temporary control). He received a 10-year sentence, which was stayed pending service of a 1-year sentence in the Ramsey County Workhouse, restitution to his clients, payment of a $5,000 fine, and compliance with a 10-year probationary period. Petitioner has documented restitution to all clients. On June 16, 1981, he was honorably discharged from probation.

For the 3 years following his disbarment, petitioner worked at terminating his practice and served his term in the workhouse. During the tax seasons of 1979, 1980, and 1981, he worked part-time preparing tax returns for Beneficial Income Tax Services. Since 1979, he has been employed as a claims representative at Northland Insurance Company. Petitioner handles a wide variety of liability claims filed against Northland. His present position includes considerable discretionary power to sign drafts.

At the hearing before the panel, a number of character witnesses testified to petitioner's good reputation in the Payne Avenue area of St. Paul where he practiced before disbarment. This reputation persisted even after disbarment.

Petitioner has continued his legal education since disbarment. He has completed three insurance industry courses, risk man-

agement and income tax courses at the University of Minnesota, technical writing and cost accounting course at Lakewood Junior College, and CLE seminars sponsored by Hamline Law School.

The Director of the Lawyers Professional Responsibility Board opposes reinstatement on two grounds. First, there is an allegation that petitioner never paid a bill for some improvements made to his private property. On May 1, 1975, petitioner issued a check from his personal account to R.R. Ties, a railroad ties company, in the amount of $1,220 as payment for some work on his property. The check was dishonored. By a letter dated May 17, 1983, R.R. Ties indicated that it had never received payment from petitioner. At the hearing before the panel, petitioner stated that he felt "certain that [the bill] has been paid." He also stated that he was certain it had not been paid in cash, but rather by check. However, petitioner could not produce any canceled check, bank statement, or other documentation of payment.

The Director also alleges that Mr. Swanson engaged in the unauthorized practice of law after his suspension on two occasions. Petitioner appeared in juvenile court 10 days after suspension to enter a previously negotiated guilty plea. He also handled some minor non-probate matters as a favor to his father-in-law following the death of his mother-in-law. We think these incidents have been explained adequately and are not serious.

The issue raised on appeal is whether petitioner has proved by clear and convincing evidence that he is fit for reinstatement.

■ Rule 18 of the Rules on Lawyers Professional Responsibility allows for reinstatement of disbarred attorneys. Disbarment should not be considered permanent in every case and one disbarred should not be considered irredeemable, for if disbarment were permanent in all cases, the rule would be a cruel hoax. Therefore, this court has set forth certain standards for reinstatement. The applicant must establish by clear and convincing evidence that

he has "undergone such a moral change as now to render him a fit person to enjoy the public confidence and trust once forfeited." *In re Smith,* 220 Minn. 197, 201, 19 N.W.2d 324, 326 (1945). A strong showing of change is required: "While a court should be slow to disbar, * * * it should be even more cautious in readmitting an attorney to a position of trust. * * * Stronger proof of good moral character and trustworthiness should be required than in an original admission." *Id.* at 200, 19 N.W.2d at 326 (citations omitted). Proof of moral change requires a showing of "present ability to adhere to the strict code of professional morality * * *." *Matter of Peterson,* 274 N.W.2d 922, 926 (Minn.1979). In addition, the petitioner's present fitness to practice law must be considered "in the light of the offenses for which he was originally disbarred." *Id.* at 926.

Petitioner has set out a number of cases in which disbarred attorneys were reinstated, but those cases are readily distinguishable. In most of them, the order for disbarment contemplated reinstatement after a specified period of time or if certain conditions were met; in others, there was a physical or emotional illness that was subsequently corrected. None of those factors are present in this case. In addition, those cases involved offenses less serious than petitioner's.

Moreover, the R.R. Ties matter is troubling. While this was not an original ground for disbarment, the failure to satisfy the claim of R.R. Ties has not been adequately explained. If petitioner relies on the statute of limitations for not making payment, yet comes before this court claiming a change in character, his claim of rehabilitation is less than convincing. We have refused to admit a lawyer to the bar of the state who did not undertake or prepare for repayment of his student loans prior to discharge in bankruptcy. *In re Application of Gahan,* 279 N.W.2d 826 (Minn.1979).

■ Finally, petitioner sought reinstatement scarcely a year after completing pro-

bation, and there appeared little evidence of support from members of the legal profession in this petition. The offenses by petitioner leading to disbarment were extremely serious and the time passed since the expiration of probation is too limited to merit reinstatement at this time. Petitioner may not reapply for reinstatement before April 1986. We will then reconsider the matter in light of the evidence presented at that time.

Petition denied.