In re Petition for REINSTATEMENT TO THE PRACTICE OF LAW OF Wynette Michelle HEAD, Registration No. 235076.

No. A04–1011.

Supreme Court of Minnesota.

Jan. 11, 2005.

## ORDER

In 1996, we indefinitely suspended petitioner Wynette Michelle Head from the practice of law for a minimum of three years. *In re Head,* 557 N.W.2d 167 (Minn. 1996). Petitioner applied for reinstatement in June 2004, and a hearing was held before a panel of the Lawyers Board of Professional Responsibility. The panel found that petitioner had undergone a sufficient moral change such that she is fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn.1984) (providing that burden is on attorney to establish by clear and convincing evidence moral fitness to resume the practice of law). The panel further found that petitioner complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), paid costs under Rule 24, RLPR, and successfully completed the professional responsibility portion of the bar examination, but is not current with continuing legal education (CLE) requirements. The panel recommended that petitioner be reinstated to the practice of law on CLE restricted status and be placed on probation for a minimum of two years.

Petitioner and the Director of the Office of Lawyers Professional Responsibility have entered into a stipulation in which they stipulate that the panel's findings of fact are conclusive, waive briefing and oral argument, and jointly recommend that petitioner be reinstated to the practice of law on CLE restricted status subject to the following conditions:

(a) Petitioner shall be placed on probation for a minimum of two years from the date she resumes the practice of law, either in Minnesota or elsewhere.

(b) Probation shall be unsupervised until and unless petitioner engages in private practice using her Minnesota license, and then she shall not begin representing clients until either a supervisor has been appointed or the Director has determined that unsupervised probation is appropriate.

(c) Petitioner shall notify the Director's Office of her employment status at least quarterly.

(d) Petitioner shall complete repayment of the Shelter Corporation judgment obtained for reimbursement of improperly obtained rent subsidies.

(e) Petitioner shall abide by the Minnesota Rules of Professional Conduct and shall fully cooperate with the monitoring of the terms of her probation.

(f) Petitioner's probation shall end after two years of practice either supervised or unsupervised or any combination of the two.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, petitioner Wynette Michelle Head is reinstated to the practice of law and shall be on CLE restricted status until she has obtained the required CLE credits. Petitioner shall be placed on probation subject to the agreed-upon terms and conditions set forth above.

BY THE COURT:

/s/ Paul H. Anderson
Associate Justice