**In re Petition for REINSTATEMENT TO the PRACTICE OF LAW OF James W. MOEN, Registration No. 160349.**

No. A05–925.

Supreme Court of Minnesota.

Feb. 8, 2006.

---

## ORDER

On March 28, 2005, we indefinitely suspended petitioner James W. Moen from the practice of law, the suspension to run concurrently with petitioner's probation for wire fraud and fraud and related activity in connection with computers. *In re Moen,* 694 N.W.2d 556 (Minn.2005). Petitioner applied for reinstatement in May 2005, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence he is competent and morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn.1984) (providing that burden is on attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel further found that petitioner has complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), paid costs under Rule 24, RLPR, successfully completed the professional responsibility portion of the bar examination, and is current with continuing legal education requirements. The panel recommended that petitioner be reinstated to the practice of law and be placed on probation for two years.

Petitioner and the Director of the Office of Lawyers Professional Responsibility have entered into a stipulation in which they stipulate that the panel's findings of fact are conclusive, waive briefing and oral argument, and jointly recommend that petitioner be reinstated to the practice of law under supervised probation for two years subject to the following conditions:

(a) Petitioner shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of his probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall be supervised by a licensed Minnesota attorney, appointed

by the Director to monitor compliance with the terms of this probation. Petitioner shall not agree to represent any client until the supervisor has signed a consent to supervise. Petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as petitioner's supervisor no later than two weeks from the date of the court's reinstatement order. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director shall appoint a supervisor. Petitioner shall make active client files available to the Director upon request.

(d) Petitioner shall cooperate fully with the supervisor in his or her efforts to monitor compliance with the probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) If petitioner successfully completes the first year of his supervised probation, the Director has the discretion to make the second year of probation unsupervised.

This court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, petitioner James W. Moen is reinstated to the practice of law and is placed on probation for a period of two years subject to the agreed-upon terms and conditions set forth above. In the event the Director elects to make the second year of petitioner's probation unsupervised, the Director shall so notify this court.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice