**In re Petition for DISCIPLINARY ACTION AGAINST Donald J. FRALEY, a Minnesota Attorney, Registration No. 31392.**

No. A05–2539.

Supreme Court of Minnesota.

Feb. 14, 2006.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Donald J. Fraley committed professional misconduct warranting public discipline, namely, incompetent representation of a client, charging unreasonable fees, conflict of interest, failure to adequately supervise a suspended attorney working for him, improperly sharing fees with a suspended lawyer, and failure to maintain accurate books and records, in violation of Minn. R. Prof. Conduct (MRPC) 1.1, 1.5(a), 8.4(a), 1.7(a) and (b), 5.3, 5.4(a), 5.7, 8.4(c) and (d), and 1.15(a) and (h).

Respondent has agreed to allow the allegations of the disciplinary petition to be deemed admitted, has waived his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is suspension for 90 days pursuant to Rule 15, RLPR, followed by two years of supervised probation. Respondent acknowledges this court may impose any discipline it deems appropriate, and has agreed to repay to the conservator of his client the sum of $934, or provide the Director's office with satisfactory proof the money is not owed.

This court has independently reviewed the file. We conclude that the conduct deemed admitted, coupled with respon-

dent's disciplinary history and the fact that the misconduct involves a vulnerable adult, requires that respondent be suspended indefinitely. Therefore, we find the appropriate discipline is indefinite suspension with no right to apply for reinstatement for a minimum of 90 days.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent is suspended indefinitely for a minimum of 90 days and that he shall pay $900 in costs pursuant to Rule 24(a), RLPR. Respondent shall pay to the conservator of his client the sum of $934, or shall provide the Director's office with satisfactory proof the money is not owed. Should respondent apply for reinstatement to active practice, respondent shall comply with the reinstatement hearing provisions of Rule 18, RLPR. Upon reinstatement, respondent shall be subject to two years of supervised probation under the following conditions:

a. Respondent shall limit his practice to 15 clients at any given time.

b. Respondent shall cooperate fully with the Director's office in its efforts to monitor compliance with his probation, and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of his probation.

c. Respondent shall abide by the Minnesota Rules of Professional Conduct.

d. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of his probation. Re-

**626**

spondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of active client files. Respondent will make active client files available to the Director upon request.

e. Respondent will cooperate fully with the supervisor in his or her efforts to monitor compliance with his probation. Respondent will contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent will submit to the supervisor, by the first day of each month during probation, an inventory of all active client files. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor will file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

f. Respondent will maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Opinion No. 9. These books and records shall include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director initially and thereafter shall be made available to the Director at such intervals as the Di-

rector deems necessary to determine respondent's compliance.

BY THE COURT:

/s/ Helen M. Meyer
Associate Justice

GILDEA, J., took no part in the consideration or decision of this case.