In re PETITION for REINSTATE-MENT OF Donald J. FRALEY, a Minnesota Attorney, Registration No. 31392.

No. A06–975.

Supreme Court of Minnesota.

Sept. 19, 2006.

## ORDER

By order filed on February 14, 2006, we indefinitely suspended petitioner Donald J. Fraley with no right to petition for reinstatement for a minimum of 90 days. *In re Fraley*, 709 N.W.2d 624 (Minn.2006). Petitioner applied for reinstatement in May 2006, and a hearing was held before a panel of the Lawyers Board of Professional Responsibility. The panel found that petitioner had undergone a moral change and gained sufficient insight into his mis-conduct so that the misconduct is not apt to recur. *See In re Swanson*, 343 N.W.2d 662, 664 (Minn.1984) (providing that burden is on attorney to establish by clear and convincing evidence moral fitness to resume the practice of law). The panel further found that petitioner complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), paid costs under Rule 24, RLPR, is current in continuing legal education requirements, and registered for the professional responsibility portion of the bar examination scheduled for August 2006. The panel recommended that petitioner be reinstated to the practice of law, subject to the following conditions:

(a) Petitioner complete the payment of $694 to a former client.

(b) Petitioner shall be placed on two years supervised probation upon the following terms:

(1) Petitioner shall limit his practice to no more than 15 clients at any given time.

(2) Petitioner shall not accept clients in practice areas other than personal injury, workers' compensation, routine real estate transactions and related real estate litigation, family law, simple wills and living trusts, civil litigation, and drafting contracts and buy-sell agreements for small business matters. With the specific consent of his supervisor, petitioner may also accept representation of a client for work outside of these practice areas but nevertheless similar to previous recent client representations.

(c) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation, and shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Di-

rector's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of his probation.

(d) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(e) Petitioner shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of his probation. Petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall, on the first day of each month, provide the Director with an inventory of active client files. Petitioner shall make active client files available to the Director upon request.

(f) Petitioner shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor, by the first day of each month during probation, an inventory of all active client files. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor will file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(g) Petitioner shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15, and as further described in Appendix 1 (formerly Lawyers Professional Responsibility Board Opinion No. 9). These books and records shall include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director initially and thereafter shall be made available to the Director at such intervals as the Director deems necessary to determine petitioner's compliance.

This court has independently reviewed the file and approves the panel's recommendation, conditional upon petitioner's successful completion of the professional responsibility portion of the bar examination.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, petitioner Donald J. Fraley is reinstated to the practice of law, conditional upon his successful completion of the professional responsibility portion of the bar examination. Petitioner shall be placed on probation for a period of two years from the date of filing of this order, subject to the terms and conditions set forth above.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice

GILDEA, J., took no part in the consideration or decision of this case.