**In re the Petition for REINSTATE-MENT to the Practice of Law of Wendy Alison NORA, Registration No. 165906.**

**No. A06–1292.**

Supreme Court of Minnesota.

Jan. 11, 2007.

### ORDER

On January 19, 1990, we indefinitely suspended petitioner Wendy Alison Nora from the practice of law with no right to apply for reinstatement for at least 30 days. *In re Nora,* 450 N.W.2d 328, 330 (Minn.1990). In 1991, we denied petitioner's application for reinstatement. *In re Nora,* 471 N.W.2d 670 (Minn.1991). Petitioner voluntarily withdrew a second application for reinstatement in 1992. *In re Nora,* 489 N.W.2d 525 (Minn.1992). During her suspension from the practice of law in Minnesota, petitioner has continued to practice in Wisconsin, where she was admitted to practice in 1975.

Petitioner again applied for reinstatement in July 2006, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that she is competent and morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn.1984) (providing that burden is on attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel recommended that petitioner be reinstated to the practice of law and be placed on supervised probation for two years subject to additional conditions. Petitioner and the Director agree with the panel's recommendation and waive briefing and oral argument on the petition.

This court has independently reviewed the file and approves the panel's recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, petitioner Wendy Alison Nora is reinstated to the practice of law and is placed on supervised probation for a period of two years, subject to the following conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner's Minnesota practice shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Petitioner shall not agree to represent any Minnesota clients until a supervisor has signed a consent to supervise. Petitioner shall provide to the Director, no later than two weeks from the date of filing of this order, the names of four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Petitioner shall make active client files available to the Director upon request.

(d) Petitioner shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule bi-monthly, in-person meetings with her supervisor, at which meetings the supervisor shall randomly select and review a sample of petitioner's open Minnesota files. Petitioner's supervisor shall have access to all Minnesota client files unless such access would constitute a conflict of interest. Petitioner shall submit to the supervisor an inventory of all active Minnesota client files by the first day of each month during the probation. With respect to each active Minnesota client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, anticipated closing date, and any complaints or circumstances that might lead to a complaint. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Petitioner shall continue medical treatment from a medical professional approved by the Director and abide by the course of treatment recommended. Petitioner shall complete the necessary authorizations for release of medical information to ensure that information regarding petitioner's health status is shared with the Director on a regular basis.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice

ANDERSON, G. BARRY, J., took no part in the consideration or decision of this matter.