**In re Petition for REINSTATEMENT OF Richard J. HAEFELE, a Minnesota Attorney, Registration No. 39214.**

**No. A06–951.**

Supreme Court of Minnesota.

March 7, 2007.

## ORDER

By order filed on November 25, 2005, we suspended petitioner Richard J. Haefele from the practice of law for a period of six months for engaging in a sexual relationship with a client and entering into a series of business transactions with the same client without written disclosure of the potential conflicts and without providing for fair and reasonable terms for the client. *In re Haefele*, 706 N.W.2d 58, 58 (Minn. 2005). In May 2006, petitioner applied for reinstatement, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he is competent and morally fit to resume the practice of law. *See In re Swanson*, 343 N.W.2d 662, 664 (Minn.1984) (providing that the burden is on the attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel further found that petitioner has complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility (RLPR), has successfully completed the professional responsibility portion of the bar examination, and has complied with continuing legal education requirements. The panel recommended that petitioner be reinstated to the practice of law and placed on supervised probation for two years.

Neither the petitioner nor the Director contest the panel's findings or its recommendations. The court has independently reviewed the file and approves of the panel's recommendations.

Based on all the files, records and proceedings herein,

IT IS HEREBY ORDERED that petitioner Richard J. Haefele is reinstated to the practice of law effective as of the date of filing of this order and is hereby placed on probation for a period of two years subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by its due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of his probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Petitioner shall not agree to represent any client until the supervisor has signed a consent to supervise. No later than two weeks from the date of filing of this order, petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Petitioner shall make active client files available to the Director upon request.

(d) Petitioner shall cooperate fully with the supervisor in his or her efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

BY THE COURT

/s/ Helen M. Meyer
Associate Justice