In re Petition for REINSTATEMENT OF Edward F. ROONEY, a Minnesota attorney, Registration No. 9321X.

No. A07–832.

Supreme Court of Minnesota.

Dec. 20, 2007.

ORDER

On February 16, 2006, we suspended petitioner Edward F. Rooney from the practice of law for a period of 18 months for misappropriation of client funds totaling $27,700. *In re Rooney,* 709 N.W.2d 263, 266 (Minn.2006). Petitioner applied for reinstatement in April 2007, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he is competent and morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn.1984) (providing that the burden is on the attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The Director of the Office of Lawyers Professional Responsibility confirms that petitioner has complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), paid costs under Rule 24, RLPR, successfully completed the professional responsibility portion of the bar examination, and is current with continuing legal education requirements. The panel recommended that petitioner be reinstated to the practice of law and be placed on probation for three years, subject to the following conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Di-

rector's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of his probation. Petitioner shall provide to the Director the names of four attorneys who have agreed to be nominated as his supervisor within two weeks from the date this probation begins. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Petitioner shall not accept any client cases until a supervisor has signed a consent to supervise. Petitioner shall on the first day of each month provide his supervisor with an inventory of active client files described in paragraph (d) below. Petitioner shall make active client files available to the Director upon request.

(d) Petitioner shall cooperate fully with the supervisor in his efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active client file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, date of most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director. Petitioner's supervisor shall review with petitioner the economic viability of matters undertaken by petitioner to ensure that the representation undertaken will not, together with other matters already undertaken, result in undue financial stress on petitioner's practice.

(e) Petitioner shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that petitioner is handling, and that will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.

(f) Within 30 days from the commencement of probation, petitioner shall provide to the Director and to the probation supervisor a written plan outlining office procedures designed to ensure that petitioner is in compliance with probation requirements. Petitioner shall provide progress reports to the supervisor and/or the Director as requested.

(g) Petitioner is permanently prohibited from maintaining a law office trust account solely in his name. Before accepting any cases requiring client or third party funds to be deposited into a trust account, petitioner shall submit to the Director the names of three alternate signatories, to be approved by the Director, together with the name of an attorney who shall serve as petitioner's trust account supervisor.

(h) Petitioner may have up to three additional attorney signatories on any client trust account he maintains in connection with his law practice.

(i) Each disbursement from a client trust account must be signed and/or authorized by petitioner and one other alternate signatory.

(j) At least one of the signatories, upon approval by the Director, must accept responsibility for supervision of petitioner's trust account. That is, one signatory will be designated to perform at least quarterly reviews of petitioner's trust account books and records, including petitioner's deposits, disbursements, checkbook register, client subsidiary ledgers, and reconciliations. This person will have full access to all retainer agreements and underlying client files and will be charged with ensuring that all funds received by petitioner on behalf of clients or third parties are properly deposited in a trust account and that disbursements from the trust account(s) are appropriately made.

(k) The person responsible for supervising the maintenance of petitioner's trust account books and records may charge a fee for services rendered.

(*l*) Petitioner's wife shall not serve as a trust account supervisor or alternate signatory.

(m) The requirements of paragraphs (g) through (*l*) shall survive the term of petitioner's probation.

The court has independently reviewed the file and approves the panel's recommendation.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, petitioner Edward F. Rooney is reinstated to the practice of law and is placed on probation for a period of three years subject to the terms and conditions set forth above.

BY THE COURT:

/s/Helen M. Meyer
Associate Justice