## In re Petition for REINSTATEMENT OF Steven John UGGEN, a Minnesota Attorney, Registration No. 28869X.

### No. A07–1067.

Supreme Court of Minnesota.

May 27, 2008.

### ORDER

On June 11, 2002, we indefinitely suspended Steven John Uggen from the practice of law with no right to petition for reinstatement for a minimum of six months. *In re Uggen,* 645 N.W.2d 84 (Minn.2002). Petitioner applied for reinstatement in May 2007, and a hearing was held before a panel of the Lawyers Profes-

sional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence he is competent and morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn.1984) (providing that burden is on attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel further found that petitioner successfully completed the professional responsibility portion of the state bar examination, satisfied continuing legal education requirements of Rule 18, Rules on Lawyers Professional Responsibility (RLPR), and paid costs under Rule 24, RLPR. Although petitioner did not comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals), at the time of his 2002 suspension, the panel expressed its belief that this failure, standing alone, should not preclude petitioner's reinstatement. The panel recommended that petitioner be reinstated to the practice of law and be placed on unsupervised probation until such time as he resumes the practice of law, after which petitioner should be subject to supervised probation for a period of two years. The Director of the Office of Lawyers Professional Responsibility does not object to the panel's recommendation.

The court has independently reviewed the file and approves the panel's recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that, effective as of the date of filing of this order,

---

petitioner Steven John Uggen is reinstated to the practice of law and is placed on probation, subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation, and shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of his probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall notify the Director at least 30 days before he resumes the practice of law. Petitioner shall thereafter comply with the following additional terms:

(i) Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor his compliance with the terms of his probation. At least 30 days before resuming the private practice of law, petitioner shall provide the Director with the names of three attorneys who have agreed to be nominated as his supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has been appointed, petitioner shall on the first day of each month provide the Director with an inventory of his active client files described in subparagraph (ii) below. Petitioner shall also make active client files available to the Director upon request.

(ii) Petitioner shall cooperate fully with his supervisor in his efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(iii) Petitioner shall initiate and maintain office procedures that ensure that he promptly responds to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that petitioner is handling, and that will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.

(iv) If petitioner maintains a trust account, he shall maintain trust account books and records (including a checkbook register, client subsidiary ledgers, trial balances and reconciliations) in compliance with Minn. R. Prof. Conduct 115, and Appendix 1 to Minn. R. Prof. Conduct, and shall have the trust account reconciled by a certified public accountant monthly. Petitioner shall also make his trust account books and records available to the Director at such intervals as the Director deems necessary or appropriate to verify compliance.

Probation shall terminate two years after petitioner's reinstatement or two years after petitioner resumes the practice of law, whichever is later.

BY THE COURT:

/s/Alan C. Page
Associate Justice