In re Petition for REINSTATEMENT OF Steven K. AAKRE, a Minnesota Attorney, Registration No. 131817.

No. A08–1467.

Supreme Court of Minnesota.

March 26, 2009.

## ORDER

On February 2, 2007, we suspended petitioner Steven K. Aakre from the practice of law for a minimum of 18 months, retroactive to June 29, 2006, based on his suspension by the North Dakota Supreme Court for embezzlement of funds from his then-employer. Petitioner applied for reinstatement in August 2008. A panel of the Lawyers Professional Responsibility Board found that petitioner had proven by clear and convincing evidence that he is competent and morally fit to resume the practice of law. *See In re Swanson*, 343 N.W.2d 662, 664 (Minn.1984) (providing that burden is on lawyer to establish by clear and convincing evidence the moral fitness to resume the practice of law). Finally, the panel found that petitioner has complied with all other requirements for reinstatement imposed by our February 2, 2007 suspension order, including successful completion of the professional responsibility portion of the state bar examination and compliance with continuing legal education requirements, and has paid the costs imposed in the February 2, 2007 order. The panel recommended that petitioner be reinstated to the practice of law, be placed on probation for two years, and be barred from being a signatory on a client trust account during the term of probation. The Director does not oppose reinstatement.

The court has independently reviewed the file and approves the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, petitioner Steven K. Aakre is reinstated to the practice of law and is placed on probation for a period of two years subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide the Director with his current mailing address and shall immediately notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of professional misconduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall be prohibited from being an authorized signatory on an IOLTA account during the term of his probation. Should petitioner become a solo practitioner during the term of his probation, before accepting any cases requiring that client or third-party funds be deposited into a trust account, petitioner shall submit to the Director the names of three alternate signatories to be approved by the Director, together with the name of an attorney who shall serve as petitioner's trust account supervisor.

**38**

BY THE COURT:

/s/Alan C. Page
Associate Justice

BY THE COURT:

/s/Alan C. Page
Associate Justice