**In re Petition for REINSTATEMENT OF J. Timothy KAINE, a Minnesota Attorney, Registration No. 5320X.**

**No. A08–2089.**

Supreme Court of Minnesota.

July 28, 2009.

ORDER

On May 27, 1988, we indefinitely suspended petitioner J. Timothy Kaine from the practice of law with no right to petition for reinstatement for at least five years. *In re Kaine*, 424 N.W.2d 64, 66 (Minn. 1988). Petitioner applied for reinstatement in 2008 and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and

convincing evidence that he is competent and morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn.1984). The panel further found that petitioner has complied with all other conditions placed upon his reinstatement by our May 1988 order, save for being current with continuing legal education requirements. The panel recommended that petitioner be reinstated to the practice of law and be placed on probation for a period of four years. The panel further recommends that should petitioner resume the practice of law, he be subject to supervised probation for the balance of the probationary period. The Director agrees with the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner J. Timothy Kaine is reinstated to the practice of law, effective upon petitioner's certification that he has satisfied continuing legal education requirements, and is placed on probation for a period of four years, subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall notify the Director at least 30 days before resuming the practice of law and shall supply information as requested regarding his employment.

(d) Petitioner agrees not to practice law as a sole practitioner during his probation. Upon resuming the practice of law, other than as a sole practitioner, petitioner shall be supervised for the remainder of his probation subject to the following additional conditions:

(1) Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Within 30 days from the date of petitioner's notice to the Director of his intent to return to the practice of law, petitioner shall provide the Director with the names of four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall on the first day of each month provide the Director with an inventory of active client files described in paragraph (2) below. Petitioner shall make active client files available to the Director upon request.

(2) Petitioner shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall provide the supervisor with an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent

activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(3) Petitioner shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that petitioner is handling, and that will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis.

(4) Within 30 days from the date of petitioner's notice to the Director of his intent to return to the practice of law, petitioner shall provide the Director and probation supervisor, if one has been appointed, with a written plan outlining office procedures designed to ensure that petitioner complies with probation requirements. Petitioner shall provide progress reports as requested.

(e) Petitioner's reinstatement shall be effective upon petitioner's filing with the Clerk of Appellate Courts and service upon the Director of documentation of fulfillment of his CLE reporting obligations and proof of payment of his lawyer registration fee.

BY THE COURT:

/s/ Alan C. Page
Associate Justice