In re Petition for **REINSTATEMENT OF Gregory Allen CARPENTER, a Minnesota Attorney, Registration No. 263898.**

No. A10–661.

Supreme Court of Minnesota.

Oct. 15, 2010.

ORDER

On April 5, 2000, we indefinitely suspended petitioner Gregory Allen Carpenter from the practice of law, retroactively to November 1, 1999, with no right to petition for reinstatement for a minimum of two years. *In re Carpenter,* 627 N.W.2d 323, 323 (Minn.2000). Petitioner applied for reinstatement in April 2010 and the matter was heard by a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner had proven by clear and convincing evidence his competence and moral fitness to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn. 1984). The panel further found that petitioner has paid costs under Rule 24, Rules on Lawyers Professional Responsibility (RLPR), has successfully completed the professional responsibility portion of the state bar examination, is current with continuing legal education requirements, and has satisfied his obligations to the Client Security Board. The panel found that petitioner did not comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals) at the time of his suspension in 2000, but noted that, at the time of his suspension, petitioner had no active clients. The panel recommends that petitioner be reinstated to the practice of law and be placed on probation for a period of two years. The Director and petitioner accept the panel's recommendation.

The court has independently reviewed the file and adopts the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that, effective immediately, petitioner Gregory Allen Carpenter is reinstated to the practice of law and is placed on probation for a period of two years, subject to the following terms and conditions:

a. Petitioner shall cooperate fully with the Director's Office in its efforts to monitor compliance with the probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide the Director's Office with a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. At the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation.

b. Petitioner shall abide by the Minnesota Rules of Professional Conduct.

c. Because petitioner intends to practice in the Washington, D.C., area, petitioner shall be supervised by the Director's Office. On the first day of each month during probation, petitioner shall provide the Director with an inventory of active client files showing, for each active file: the client name, type of representation, date opened, most recent activity, date of most recent activity, next anticipated action, and anticipated closing date. Petitioner shall make active client files available to the Director upon request.

d.  Petitioner shall initiate and maintain office procedures that ensure there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that petitioner is handling, and that will ensure petitioner regularly reviews each and every file and completes legal matters on a timely basis.

e.  Within 30 days from date of filing of this order, petitioner shall provide the Director with a written plan outlining office procedures designed to ensure that petitioner is in compliance with the requirements of probation.  Petitioner shall provide progress reports to the Director as requested.

BY THE COURT:

/s/Alan C. Page
Associate Justice