In re the Petition for REINSTATE-MENT to the Practice OF Law of SU YANG, Registration No. 316003.

No. A09–1520.

Supreme Court of Minnesota.

Feb. 8, 2011.

## ORDER

By order filed on September 9, 2008, we indefinitely suspended petitioner Su Yang from the practice of law for a minimum of six months for forging the signatures of one party in a marital dissolution matter and that of her attorney, obtaining false notarizations, and knowingly submitting the documents to the court. Petitioner petitioned for reinstatement on August 20, 2009, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he is competent and morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn. 1984). The panel further found that petitioner has complied with Rule 26, Rules on Lawyers Professional Responsibility (RLPR), paid costs under Rule 24, RLPR, successfully completed the professional responsibility portion of the state bar examination, and is current with continuing legal education requirements. The panel recommends that petitioner be reinstated to the practice of law. The panel further recommends that, should petitioner engage in the private practice of law, he be subject to supervised probation.

Petitioner and the Director of the Office of Lawyers Professional Responsibility accept the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Su Yang is reinstated to the practice of law, subject to the following conditions:

(a) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(b) If petitioner is employed other than in the private practice of law, petitioner shall provide the Director's office with the name and address of his employer (if any), the name of his direct supervisor (if any), and shall upon the Director's request provide authorization for release of information and documentation necessary to verify petitioner's employment status and/or job description. Petitioner shall promptly notify the Director's office of any change in his employment status and/or job description.

(c) At least 30 days before resuming the private practice of law, petitioner shall notify the Director's office of his intent to do so and shall provide the Director's office with the expected name and address of his private law practice. While engaged in the private practice of law, petitioner shall be subject to supervised probation under the following terms and conditions:

(1) Petitioner shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of probation. At least two weeks before resuming the private practice of law, petitioner shall provide the Director with the names of four attorneys who have agreed to be nominated as petitioner's supervisor. If after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director shall promptly appoint a supervisor. Petitioner shall not engage in the private practice of law prior to the appointment of a supervisor.

(2) Petitioner shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first date of each month during the probation, petitioner shall provide the supervisor with an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(3) Petitioner shall initiate and maintain procedures that ensure proper signature, witness, and notary procedures are followed at all times. Before resuming the private practice of law, petitioner shall provide the Director's office with a written copy of such procedures.

(4) Provided that petitioner complies with the conditions of his probation, the probation shall terminate once petitioner has been engaged in the private practice of law for a period of two years.

BY THE COURT:

/s/Alan C. Page
Associate Justice