In re Petition for REINSTATEMENT OF Thomas J. LYONS, Jr., a Minnesota Attorney, Registration No. 249646.

No. A11–0758.

Supreme Court of Minnesota.

Dec. 21, 2011.

## ORDER

On April 8, 2010, we suspended petitioner Thomas J. Lyons, Jr., from the practice of law for a minimum of 12 months for making misrepresentations to opposing counsel, to the Director of the Office of Lawyers Professional Responsibility during his investigation of the matter, and to the referee we appointed to hear the disciplinary petition. *In re Lyons,* 780 N.W.2d 629 (Minn.2010). Petitioner applied for reinstatement in April 2011 and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he is morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn.1984) (providing that the burden is on the attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel recommends that petitioner be reinstated to the practice of law and placed on supervised probation for a period of two years. The Director agrees with the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Thomas J. Lyons, Jr., be reinstated to the practice of law and placed on probation for a period of two years, subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the efforts of the Director's office to monitor compliance with this probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation.

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct.

(c) Petitioner shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Within 30 days of the date of filing of this order, petitioner shall provide the Director with the names of four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to nominate a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall, on the first day of each month, provide the Director with an inventory of client files as described below and shall make active client files available to the Director upon request.

(d) Petitioner shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. By the first day of each month during probation, petitioner shall submit to the supervisor an inventory of all active client files. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with

the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

(e) Within 60 days of the date of filing of this order, petitioner shall provide the Director and his probation supervisor, if one has been appointed, with a detailed written plan outlining office procedures to be followed in handling all aspects of clients' cases, including the strategy and motions to be brought in each case, and shall update the written plan whenever any change in petitioner's practice occurs. Petitioner shall provide the Director and his probation supervisor with progress reports as they may request.

BY THE COURT:

/s/Alan C. Page
Associate Justice