**In re Petition for REINSTATEMENT OF William D. PAUL, a Minnesota Attorney, Registration No. 164811.**

**No. A13–0842.**

Supreme Court of Minnesota.

Jan. 15, 2014.

## ORDER

In February 2012, we indefinitely suspended petitioner William D. Paul from the practice of law, with no right to petition for reinstatement for 4 months. *In re Paul,* 809 N.W.2d 693, 696 (Minn.2012). Petitioner applied for reinstatement in May 2013, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he is morally fit to resume the practice of law. *See In re Swanson,* 343 N.W.2d 662, 664 (Minn.1984) (providing that the burden is on the attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel recommends that petitioner be reinstated to the practice of law and placed on supervised probation for a period of 4 years. The Director agrees with the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner William D. Paul be reinstated to the practice of law and placed on probation for a period of 4 years, subject to the following terms and conditions:

(a) Petitioner shall cooperate fully with the efforts of the Director's office to monitor compliance with this probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation;

(b) Petitioner shall abide by the Minnesota Rules of Professional Conduct;

(c) Petitioner shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Within 2 weeks of the date of the filing of this order, petitioner shall provide the Director with the names of three attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to nominate a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall, on the first day of each month, provide the Director with an inventory of client files as described below and shall make active client files available to the Director upon request;

(d) Petitioner shall cooperate fully with his supervisor's efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, date of most recent activity, next anticipated action, and anticipated closing date. Petitioner's supervisor shall file written reports with the

Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e) Petitioner shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that petitioner is handling and that will ensure that petitioner regularly reviews each and every file and completes legal matters on a timely basis;

(f) For the first 2 years of his probation, petitioner will be limited to a caseload of 25 open cases. After 2 years, petitioner may request that the Director increase or remove the limitation on his caseload for the balance of his probation. In addition, petitioner will not represent parties in contested family law matters. Petitioner may request the Director to remove or modify this condition after 1 year. Whether to grant either request is up to the reasonable discretion of the Director; and

(g) Petitioner shall undergo an evaluation by a licensed mental health professional, certified life coach, or similar professional acceptable to the Director. The purpose of such an evaluation is to assist petitioner in identifying risk factors that led to his prior misconduct and to develop strategies to help avoid further problems. Petitioner shall complete all recommended programs or treatments.

BY THE COURT:

/s/_____
Alan C. Page
Associate Justice