STATE OF MINNESOTA

IN SUPREME COURT

A13-2083

In re Petition for Reinstatement of
Peter Daniel Plunkett, a Minnesota Attorney,
Registration No. 169304.

ORDER

In February 2013, we indefinitely suspended petitioner Peter Daniel Plunkett from the practice of law, with no right to petition for reinstatement for 6 months. *In re Plunkett*, 826 N.W.2d 539, 539-40 (Minn. 2013) (order). Petitioner petitioned for reinstatement in November 2013, and a hearing was held before a panel of the Lawyers Professional Responsibility Board. The panel found that petitioner has proven by clear and convincing evidence that he is morally fit to resume the practice of law. *See In re Swanson*, 343 N.W.2d 662, 664 (Minn. 1984) (providing that the burden is on the attorney to establish by clear and convincing evidence the moral fitness to resume the practice of law). The panel recommends that petitioner be reinstated to the practice of law and placed on supervised probation for a period of 2 years. The Director of the Office of Lawyers Professional Responsibility agrees with the panel's recommendation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that petitioner Peter Daniel Plunkett be reinstated to the practice of law and placed on probation for a period of 2 years, subject to the following terms and conditions:

1

(a)     Petitioner shall cooperate fully with the efforts of the Director's office to monitor compliance with this probation. Petitioner shall promptly respond to the Director's correspondence by the due date. Petitioner shall provide to the Director a current mailing address and shall immediately notify the Director of any change of address. Petitioner shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, petitioner shall authorize the release of information and documentation to verify compliance with the terms of this probation;

(b)     Petitioner shall abide by the Minnesota Rules of Professional Conduct;

(c)     Petitioner shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Within 2 weeks of the date of the filing of this order, petitioner shall provide the Director with the names of four attorneys who have agreed to be nominated as petitioner's supervisor. If, after diligent effort, petitioner is unable to locate a supervisor acceptable to the Director, the Director will seek to nominate a supervisor. Until a supervisor has signed a consent to supervise, petitioner shall, on the first day of each month, provide the Director with an inventory of client files as described below and shall make active client files available to the Director upon request;

(d)     Petitioner shall cooperate fully with his supervisor's efforts to monitor compliance with this probation. Petitioner shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Petitioner shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. In addition, petitioner shall disclose to the supervisor any notices, investigations, subpoenas, or other inquiries of any sort he has received from any government agency, regulatory authority, or other law enforcement agency directed to him or any business in which he is involved. Petitioner shall also disclose to the supervisor any litigation that has been commenced by any person or entity against him or any business in which he is involved. Petitioner's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e)     Petitioner shall continue to engage in counseling sessions with Father Steffes or another counselor acceptable to the Director, on at least a quarterly basis in order to better understand the issues that led to the discipline and to continue positive development and adherence to the "four way test" that petitioner testified about at the panel hearing;

2

(f)   Petitioner, upon his return to the private practice of law, shall ensure that his firm name complies with the Minnesota Rules of Professional Conduct; and

(g)   If at any time during the period of probation, after giving petitioner an opportunity to be heard by the Director, the Director concludes that petitioner has violated the conditions of the probation or engaged in further misconduct, the Director may file a petition for disciplinary action against petitioner in the Minnesota Supreme Court without the necessity of submitting the matter to a panel of the Lawyers Professional Responsibility Board or a panel chair.  Petitioner waives the right to such consideration by a panel or panel chair.

Dated:  June 26, 2014

BY THE COURT:

Alan C. Page
Associate Justice

3